# Haggerty *v.* Haggerty, Appellant.

*Deeds—Recitals—Boundaries—Case for jury.*

1. Where a deed describes the land conveyed by metes and bounds, and also by adjoinders, and states that the land conveyed was fifty-four acres, and a subsequent deed refers to the first deed, but describes the land by adjoinders only, and states that the land conveyed was fifty acres, a finding by a jury that the two deeds referred to the same fifty-acre tract of land will be sustained, and it is immaterial that the two deeds stated the acreage to be different.

*Lunacy—Inquisition—Return of inquisition.*

2. A return of an inquest in lunacy sets forth a clear finding of lunacy where the inquisition shows the following: "who being respectively sworn and charged to inquire of the premises on their oaths aforesaid respectively do say, that the aforesaid H. at the time of taking this inquisition, aged about sixty years, and is by reason of lunacy incapable of managing his estate; that he hath been in the said state of incapacity by reason of said lunacy for the space of about thirty years last past."

Argued May 11, 1910. Appeal, No. 43, April T., 1910, by defendant, from judgment of C. P. Lawrence Co., June T., 1906, No. 43, on verdict for plaintiffs in case of Robert Haggerty, by Samuel M. Haggerty, his committee, *v.* J. R. Haggerty et al. Before HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Ejectment for land in Little Beaver township. Before WILLIAM E. PORTER, P. J.

Verdict and judgment for plaintiffs. Defendant appealed.

*Errors assigned* were (1–33) various instructions and rulings on evidence.

*W. D. Wallace,* with him *William McElwee, Jr.,* for appellants.—The report of the commission in this case says "that the aforesaid Robert Haggerty at the time

of taking this inquisition, aged about sixty years, and is by reason of lunacy incapable of managing his estate." This does not amount to a finding that Robert Haggerty was a lunatic: Willis v. Willis, 12 Pa. 159; Com. v. Reeves, 140 Pa. 258; In re Heft, 22 C. C. Rep. 289; Gaul's Est., 7 W. N. C. 522.

*James A. Gardner*, for appellee.—The inquisition was conclusive of the lunacy: McElroy's Case, 6 W. & S. 451; Com. v. Schneider, 59 Pa. 328; Rogers v. Walker, 6 Pa. 371; Everly v. Harrison, 167 Pa. 355; Miller v. Withers, 188 Pa. 128.

OPINION BY MORRISON, J., October 10, 1910:

This action in ejectment, wherein the plaintiff recovered a verdict and final judgment for about nine acres of ordinary farming land is rather remarkable. The land is only worth a few hundred dollars, but at the trial of this family dispute a record was made up which covers 330 closely printed pages of appellant's paper-book. Appellant's counsel presented twenty-two written points covering twelve printed pages and he also filed thirty-two assignments of error covering thirty-two printed pages and his argument covered thirty-one additional pages. The charge of the court covers twenty-five printed pages and the argument of appellant's counsel covers nineteen more.

A careful examination of this lengthy record leads us to the conclusion that the real questions of importance in the case are only two: (a) Did the deed of January 17, 1874, from James Haggerty and wife and George Haggerty to Robert Haggerty carry the east line of the land therein described to the east line of the "Irwin tract," the latter being the land conveyed by said deed as claimed by appellee, or did said deed only carry said line to the west line of the nine acres in dispute? The said nine acres being a narrow strip of land extending along the east side of said Irwin tract and being a part of the same;

(b) was Robert Haggerty a lunatic in 1872 and thereafter so that adverse occupancy of said nine acres of land would not make title to it or any part thereof, under the statute of limitations?

Upon the first question, we do not think there was any latent ambiguity in the deed from James Haggerty and wife and George Haggerty, to Robert Haggerty, dated January 17, 1874, for land in Little Beaver township, Lawrence county, Pennsylvania, bounded as follows: "On the east by lands of George Haggerty, on the south by lands of Valentine Schuster, on the west by lands of James Haggerty and on the north by John Smith's heirs and John Buchanan to place of beginning, containing fifty acres, being included in the warrant of Benjamin Say, George Rutter and Thomas Shields dated April 14th, 1792, and conveyed by Griffith and Wallace by their agent Enoc J. Marvin to James Bois by deed dated June 10th, 1818, and recorded in Beaver County in Deed Book E, pages 448 and 449, by David Boise and wife conveyed to Robert Wylie by deed dated August 3d, A. D. 1818, and recorded in Deed Book E, pages 387 and 388, in Beaver County and by Robert Wylie conveyed to Robert Wylie, Jr., by deed dated 2d day of June, A. D. 1821, and recorded in the office of Beaver County in Deed Book F, pages 385 and 386, and by the last will and testament of the said Robert Wylie, Jr., bequeathed to his children, subject to the widow's dower, as will appear by reference to the said will dated on the 3d day of August, A. D. 1824, and recorded in the Register's Office in Beaver County in Will Book A, page 187, and the above described tract of land released to said Robert Wylie, Jr., by release of even date herewith. The title to the said tract having been subsequently vested in William Irwin of Little Beaver Township, Lawrence County, Pennsylvania, and by him conveyed to George and James Haggerty by deed dated the 3d day of February A. D. 1852, and recorded in the Recorder's Office in and for Lawrence County, Pennsylvania, in Deed Book Volume No. second,

pages 436, 437, 438, to which reference being had will more fully and at large appear." Now referring to the last recited deed from William Irwin to George and James Haggerty, dated February 3, 1852, we find that it conveyed the land by metes and bounds and also by adjoiners and was said to convey fifty-four acres and fifty perches of land.

These two deeds clearly show what the "Irwin tract" was and it seems to us quite plain that the deed of January 17, 1874, to the appellee was intended to and did convey the same tract of land conveyed by William Irwin to James and George Haggerty, by the deed dated February 3, 1852. The deed to appellee seems to convey the Irwin fifty-acre tract by adjoiners, although the description is not as full as it is in the Irwin deed. But it is of vital importance to notice that there is nothing reserved nor excepted out of the deed to Robert Haggerty, as to the fifty-acre tract, that is embraced in the deed by description and recitals from Irwin to James and George Haggerty, and if the land conveyed by the deed to the appellee is the same land covered by the other deed, then we see nothing to save the nine acres in dispute from going with the residue of the tract, by the very terms of appellee's deed. This view of the case renders the verdict and judgment right, unless the appellee lost title to the nine acres in dispute subsequently, under the statute of limitations. There was, of course, a question of fact for the jury as to whether the two deeds referred to and covered the same fifty acres of land, but in view of the recitals in the second deed, the one to appellee, it is difficult to see how any shadow of a doubt can arise on that question. If the jury found that the land described in the second deed was the same land, the Irwin tract, conveyed by the first deed, then we think the whole tract was conveyed by the second deed and that the latter deed called it fifty acres, while the former deed called it fifty-four acres and fifty perches, is not material.

The learned court fairly submitted to the jury the

identity of the land conveyed by the second deed to the
appellee, to wit, the deed of January 17, 1874, and also
the quantity of the land, but the court went further and
submitted the question of ambiguity in the latter deed
to the jury. This we think was a mistake, and if the jury
had found for the defendants, and judgment had been
entered on the verdict, it is highly probable that on ap-
peal the judgment would have been reversed. We are
strongly of the opinion that when the jury found that
the two deeds referred to the same fifty-acre tract of land,
it became a mere matter of legal construction for the
court to hold that both deeds covered the same land, to
wit, the Irwin tract.

Moreover, it was conceded at the trial, as it was at the
argument, that both deeds referred to the same land and
the only dispute grew out of the defendant's contention
that a strip of land extending along the whole east line
of the tract, containing nine acres, was not embraced in
the second deed and that if it was so embraced, appellee
lost title to it under the statute of limitations by adverse
holding of it for more than twenty-one years by the ap-
pellants or some of them.

Now, this brings us to the second question in the case,
Was Robert Haggerty, since 1872, a lunatic so that the
statute did not run against him, even if the appellants
made out a title under the statute? We think this ques-
tion was fairly and adequately submitted to the jury and
that body having found in favor of the appellee on that
question, as well as upon the claim of the defendants of
a parol title, nothing remained but for the jury to find
for the plaintiff for the land described in the writ, and
for the court below to grant judgment on the verdict.

We are not disposed to discuss the assignments of
error seriatim, nor do we think the case calls for a lengthy
discussion. We will, however, here refer to the conten-
tion that the return of the inquest did not find Robert
Haggerty a lunatic. The inquisition, confirmed Septem-
ber 16, 1892, as printed by appellants' counsel, inter

alia, shows the following, "who being respectively sworn and charged to inquire of the premises on their oaths aforesaid respectively do say, that. the aforesaid Robert Haggerty at the time of taking this inquisition, aged about sixty years, and is by reason of lunacy incapable of managing his estate; that he hath been in the said state of incapacity by reason of said lunacy for the space of about thirty years last past," etc.    This, we think, was a clear finding that he was a lunatic and it was sufficient under the law: M'Elroy's Case, 6 W. & S. 451; Com. ex rel. Euchenberg v. Schneider, 59 Pa. 328.

Several of the assignments of error complain of the testimony of several witnesses as to the lunacy of appellee.    The testimony shows that these persons had sufficient acquaintance with appellee and opportunities to know his mental condition for many years to justify the court in permitting them to testify on the question of appellee's sanity: Taylor v. Com., 109 Pa. 262; Rogers v. Walker, 6 Pa. 371.    We think there was sufficient competent evidence before the jury, with the inquisition of lunacy, to sustain a finding that the appellee was a lunatic for such a length of time that the defendants could not acquire a title to any part of his land by adverse possession, and we think this question was very fairly submitted to the jury with proper instructions.    The defendants were not successful in their attempt to rebut the insanity of the appellee.

We have in a word already referred to the defendants' claim of a parol title to the nine acres of land in dispute. By this is meant their claim that by agreement between them and the appellee the said nine acres of land were not intended to be included in the deed of January 17, 1874.    In setting up that claim the defendants assumed the burden of establishing accident, fraud or mistake in said deed.    As we view the two deeds the second one, on its face, conveyed all of the said fifty-acre "Irwin tract," unless the deed should be reformed on account of accident, fraud or mistake.    The court admitted the defend-

ants' testimony on that question and submitted it to the jury and the finding was, evidently, against the defendants' contention. To us, this is not surprising. If the grantors in the deed of January 17, 1874, only meant to convey the Irwin fifty or fifty-four-acre tract, less nine acres along the east side thereof, it is inconceivable that their deed would not have said a part of the "Irwin tract," or all of it except a strip along the east line surveyed in 1872 by James Harper. But their deed to appellee contains nothing of that character. If they had Mr. Harper survey said nine acres along the east side of the "Irwin tract," about two years prior to the execution of said deed to appellee, it is unreasonable to argue they had forgotten that very important fact, and that they would execute the latter deed for apparently the whole fifty-four-acre "Irwin tract." However, that question, as we have seen, was very fairly submitted to the jury and we think the verdict against it was fully warranted. The jury did not find that the deed of January 17, 1874, should be reformed on account of accident, fraud or mistake.

The assignments of error are all dismissed and the judgment is affirmed.