# Kountz *v.* O'Hara Street Railway Company, Appellant.

*Deeds—Descriptions—Boundaries—Latent ambiguity—Parol evidence —Construction of deed by parties—Province of court and jury.*

1. Where the subject-matter of a grant is insufficiently described in a deed, parol evidence may be given to show precisely what was intended to be conveyed, and when there is any doubt as to the extent of the subject-matter devised by will, demised or sold, it is a matter of

extrinsic evidence to show what is included under the description as parcel of it, and that the extent of the grant must go to the jury.

2. Where the words used in the description of a deed are uncertain or ambiguous, and the parties have by their acts given a practical construction thereto, the construction so put upon the deed by them may be resorted to, to aid in ascertaining their intention.

3. Ordinarily the construction of a deed or other documents is for the court, but where boundaries are to be ascertained, and where the intention of the parties is to be discovered in the light of conditions to the document, the case is for the jury.

Argued May 3, 1911.   Appeal, No. 117, April T., 1911, by defendant, from judgment of C. P. No. 3, Allegheny County, Nov. T., 1906, No. 746, on verdict for plaintiff in case of George McC. Kountz v. O'Hara Street Railway Company and Allegheny Valley Street Railway Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Affirmed.

Ejectment for land in Harmar township.   Before EV-ANS, J.

The facts are stated in the opinion of the Superior Court.

At the trial the plaintiff's counsel made the following offer:

I offer in evidence deed from James Taggart, administrator of Hugh Taggart, deceased, to John Barton, dated July 16, 1842, recorded in Deed Book, vol. 16, page 78, and the description of the land in the said deed, conveying a piece of land described as follows:

All that certain lot or piece of ground, being lot numbered 28 in Taggart's plan of lots, in Indiana township aforesaid, containing three-fourths of an acre; together with the right and privilege of running rafts and lumber in the creek adjacent thereto, from the Allegheny river up to said Barton's sawmill on said lot.

Mr. Stone: If your honor please, we desire at this point to object to the offer of this deed last made.   It is No. 12 of the abstract, paragraph 12 in plaintiff's abstract of title.   For the reason that it does not show or convey or

describe the land, nor embrace nor include the land that is embodied in this suit. And your honor might as well understand, one of the principal defenses in this case is that very point that we raise by this objection. We raise it here now that your honor may understand it and possibly save time. The conveyance from the estate of Hugh Taggart to John Barton does not embrace within its description the land as claimed in this suit. It conveys what is known as lot C or lot 28.

Mr. Petty: Lot 28, not lot C.

Mr. Stone: Well, lot C.

The Court: Well, Mr. Petty, if there is any objection to this deed we will have to have evidence.

Mr. Petty: Your honor will observe there is no description of the land here at all. It simply covers lot 28. We propose to follow that by describing it as a lot upon which the sawmill is erected. We propose to show the lot that was taken possession of in pursuance to this deed, and we propose to show a number of deeds following this, the first one being dated in 1846, by which lot 28 is described by metes and bounds.

The Court: Subject to the offer, we will overrule the objection.

Mr. Stone: That is, your honor holds that the offer is qualified and made good by the proposal to follow it by the evidence.

The Court: It is simply a question of order.

Offer read.

The Court: There is no specific offer there in that. There is no offer to follow this with evidence to show that the land conveyed in the deed is the land in dispute.

Mr. Petty: To be followed by evidence, as your honor suggests, that the land conveyed is the land for which suit is brought in this case.

Mr. Stone: We still object to the offer, that he does not propose to show any title whatever to John Barton from any other source than that coming in and by this deed that is offered covering the property involved in this suit.

The Court: I understand this deed does not describe anything by metes and bounds, but designates it by number of lot. Now, it is competent to prove by oral evidence or by other evidence what lot it was. Objection overruled.

To which ruling of the court counsel for defendants request an exception.

Exception allowed and bill sealed. [1]

Mr. Petty: Now, if your honor please, I offer in evidence the deed from John Barton to James and William Barton, dated December 21, 1846, recorded in Deed Book, vol. 75, page 387, conveying lot No. 28, by metes and bounds, as shown upon plan, exhibit No. 1, reciting that it is the same lot conveyed to John Barton by James Taggart, Administrator of Hugh Taggart, together with all the subsequent deeds set forth in the abstract of title in items Nos. 14–25 the subsequent deeds containing the same description of the property.

Mr. Stone: Counsel for defendants object to the offer because the deed already offered in evidence from the administrator of Hugh Taggart to John Barton does not include the land in controversy and described in the deed from John Barton to James Barton and William.

Second, because, conceding the deed from John Barton, to William Barton and James Barton, for the purpose of the situation, to be a claim of title there is no sufficient evidence showing continued, open, adverse and hostile possession under such claim of title in the plaintiff and his grantors as would support a claim of title.

Third, because the evidence does not warrant the belief or justify a submission to the jury of the allegation in his previous statement of what he proposes to prove, namely, that the land described in the deed from the administrators of Hugh Taggart to John Barton was the land described and conveyed in the deed from John Barton to his two brothers, William and James.

Fourth, the evidence is incompetent, irrelevant and immaterial.

Objection overruled.

To which ruling of the court counsel for defendants request an exception.

Exception allowed and bill sealed. [2]

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for the land described in the writ.   Defendant appealed.

*Errors assigned* were (1, 2) rulings on evidence quoting the bill of exceptions; (3) in refusing binding instructions for defendant.

*W. A. Stone,* of *Stone & Stone,* for appellant.—The plaintiff's offer was to prove the description of lot No. 28 by parol evidence as against the record proceedings of the orphans' court of Allegheny county.   We contend that such evidence was inadmissible: Kennedy v. Wachsmuth, 12 S. & R. 171; Selin v. Snyder, 7 S. & R. 166; Beeson v. Hutchison, 4 Watts, 442; Hamilton v. Seitz, 25 Pa. 226; Ross v. Dewey, 215 Pa. 526; Cochran v. Sanderson, 151 Pa. 591.

It must be remembered that there is no authority given to this administrator to sell lot No. 28, and unless this lot conveyed to John Barton through whom this plaintiff claims, is one of the twenty-eight lots in the order of the orphans' court at No. 37, December Term, 1841, the administrator of this estate was without authority to convey it, and therefore the plaintiff's title must fail: Carroll v. Miner, 1 Pa. Superior Ct. 439; Harvey v. Vandegrift, 89 Pa. 346.

It has long been the law of this commonwealth that where a plot is referred to in a deed, it is as much a part of the deed as if incorporated in it: Birmingham Boro. v. Anderson, 48 Pa. 253; Robinson v. Myers, 67 Pa. 9; Meyers v. Robinson, 74 Pa. 269; Schenley v. Pittsburg, 104 Pa. 472; Higgins v. Sharon Boro., 5 Pa. Superior Ct. 92; McGhee v. Hoyt, 106 Pa. 516; Province v. Crow, 70 Pa. 199.

*R. B. Petty*, of *R. B. Petty & Sons*, for appellees.—The evidence was admissible: Glen v. Glen, 4 S. & R. 488; Carroll v. Miner, 1 Pa. Superior Ct. 439; Sailor v. Hertzogg, 10 Pa. 296; Dawson v. Mills, 32 Pa. 302; Province v. Crow, 70 Pa. 199.

OPINION BY ORLADY, J., October 9, 1911:

This action of ejectment was brought to recover possession of an undivided one-fifth part of a small tract of land in Harmer township, Allegheny county, which was a part of a larger tract of 125 acres more or less, that had been owned by Hugh Taggart, who died prior to 1841. In December of that year, his administrator, James Taggart, obtained an order from the orphans' court to sell this property for the payment of debts, and described the real estate as "now laid out into 28 lots," giving the number and acreage of each by designation of 1 to 27 inclusive and No. "C." By the plan attached to the petition and an explanatory map, as well as by the return of sale made by the administrators (which was confirmed by the orphans' court April 30, 1842), it appears that two subdivisions of the entire tract, viz: "A" and "B" had been previously sold to —— Priestly and —— Clow. It does not appear who subdivided the property and gave the numbers to the lots. The return of sale refers to the property in dispute, lot No. 28, as being in Taggart's plan of lots containing three-quarters of an acre and sold to John Barton, for the sum of $75.00. The deed from the administrator to Barton described the land as follows: "that certain lot or piece of ground, being lot No. 28, in Taggart's plan of lots . . . . together with the right and privilege of running rafts and lumber in the creek adjacent, from the Allegheny river up to Barton's sawmill, on said lot" without giving courses, distances or adjoiners.

On the trial, it was contended by the plaintiff, that lot No. 28 represented all the land that was left after taking out the twenty-seven lots, and "A" and "B"

already sold, which description would include the whole of lot "C" and some additional ground, while the defendant claimed that lot No. 28 and "C" were but different designations for the same property.

The plaintiff offered in evidence the deed of the administrator to Barton, and the defendant objected for the reason that it did not describe any land involved in the action. The offer was enlarged so as to show by oral testimony, that the lot described as having on it Barton's sawmill, was taken possession of by the vendee, and that all subsequent conveyances described it by metes and bounds, so as to give an accurate description, by the contemporaneous acts of the parties to the deed, to the property. The admission of this deed by the court is the error alleged in the first assignment.

There was no specific authority given by the orphans' court to sell a lot described as lot No. 28, and there was no such lot designated on the plan. The order was to sell lot "C," and no return was made of a sale of a lot "C," and the description, vague and undefined as it is, must be applied to the land mentioned as lot No. 28, before the plaintiff can recover. This land, by whatever description it received, was intended to be sold, and it was one of the twenty-eight lots mentioned in the order of the court; the substitution in description by calling it lot No. 28, instead of lot "C," if in fact such substituted description was intended to be made, did not necessarily invalidate the sale.

Three-quarters of an acre of land was sold under this uncertain description, the sale was confirmed by the orphans' court, and paid for by the vendee; the only difficulty is in applying the description to the ground. The administrator's deed designated the land as having thereon "Barton's sawmill" and abutting on a creek.

The plaintiff assumed the burden of making this ambiguous and undefined description fit the land described by his præcipe and satisfied the jury that the lot No. 28, in the administrator's deed was the same land as claimed

by him, even though it did include the whole of lot "C."
We have nothing to do with the weight to be given to this
testimony, if it was competent and relevant when it was
received by the court.

We held in Carroll v. Miner, 1 Pa. Superior Ct. 439,
that it is undoubtedly true that where the subject-matter
of a grant is insufficiently described in a deed, parol
evidence may be given to show precisely what was in-
tended to be conveyed, and when there is any doubt as
to the extent of the subject-matter devised by will, de-
mised or sold, it is a matter of extrinsic evidence to show
what is included under the description as parcel of it,
and that the extent of the grant must go to the jury.
The latent ambiguity having been shown to exist, it
became necessary to give parol evidence to explain it,
and it was proper to receive the deed in evidence under
the offer to follow it with the parol evidence: Rook v.
Greenewald, 22 Pa. Superior Ct. 641.  Where the words
used in the description in a deed are uncertain or am-
biguous, and the parties have by their acts given a prac-
tical construction thereto, the construction so put upon
the deed by them may be resorted to, to aid in ascer-
taining their intention: 13 Cyc. 627; Rozelle v. Lewis,
37 Pa. Superior Ct. 563; Haggerty v. Haggerty, 44 Pa.
Superior Ct. 417.

Ordinarily the construction of a deed or other docu-
ment is for the court, but where boundaries are to be
ascertained, and where the intention of the parties is to
be discovered in the light of conditions to the document,
the case is for the jury: Cake v. Sunbury Borough, 43
Pa. Superior Ct. 95.  The first assignment of error is
not sustained.

The second error alleged is in receiving in evidence a
deed from John Barton to James and William Barton,
executed in 1846, and in which lot No. 28 is conveyed
and is described by metes and bounds as contended for
by the plaintiff, and reciting that it is the same lot con-
veyed by James Taggart, administrator, to John Barton.

If our disposition of the first assignment of error is correct it follows that it was not error to receive this evidence as it tends to show the extent of the possession taken by John Barton, and with the other evidence in regard to the location of the sawmill, the creek, the uses to which the property was applied, and the recognition, by the abutting owners of that time, of the lines as defined by metes and bounds, and it would warrant the jury in concluding that the same property was conveyed in the earlier deed to John Barton. The location of the lot was purely a question of fact and not of law.

As stated by the learned trial judge to the jury: "if it was intended to sell the land on which the mill was located, and that was the intention and understanding of the parties, and that land was known and fixed between them, then the location of that mill would throw some light upon the question of what was really conveyed. It was for that purpose the deed was offered in evidence."

The case was thoroughly tried and fairly submitted to the jury in a clear and comprehensive charge.

The judgment is affirmed.