## Lawver, Appellant, *v.* Anderson.

*Ejectment—Deeds—Description of real estate—Plan of lots—Sufficiency of description—Numbers of lots—Evidence.*

In an action of ejectment for the possession of certain city lots, the case is for the jury and a verdict for the plaintiff will be sustained, where there is evidence to show that the deed to the plaintiffs referred to a plan of lots, which was in existence at the time of the execution of the deed, and in the description contained in the deed, the lots were definitely described by numbers designated on the plot. In such case, there was sufficient evidence of the plaintiff's title to submit the question to a jury.

Where the subject-matter of a grant is insufficiently described in a deed, parol evidence may be given to show precisely what was intended to be conveyed, and when there is any doubt as to the extent of the subject-matter devised by will, demised or sold, it

is a matter of extrinsic evidence to show what is included under the description as parcel of it, and the extent of the grant must go to the jury.

Where the thing granted has been described by its number as found on the ground or a plat, or by a name by which it is known or designated, or where it is described as a tract occupied by a particular person, such description is sufficient in a conveyance contract or writ of ejectment to be a sufficient description to effectuate the purpose of the parties, and even when the instrument contained a repugnant description by metes and bounds, the latter has been made to yield to the former.

Argued April 22, 1921. Appeal, No. 120, April T., 1921, by plaintiff, from judgment of C. P. Cambria Co., June T., 1915, No. 645, for defendant non obstante veredicto, in the case of Emery D. Lawver v. A. R. Anderson. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Ejectment for possession of a piece of ground on Somerset Street, Sixth Ward, in the City of Johnstown. Before BAILEY, P. J., 20th Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

The jury rendered a verdict in favor of the plaintiff. Subsequently the court, on motion, entered judgment in favor of the defendant non obstante veredicto. Plaintiff appealed.

*Errors assigned* were various rulings on evidence and the decree of the court.

*James A. Graham,* of *Graham & Yost,* for appellant.— The deed contained a reference to a recorded plan, which was sufficient description and the intention of the parties is the controlling factor in connection with the words of the grant: Cake v. Sunbury Boro., 43 Pa. Superior Ct. 95; Krepps et al. v. Carlisle et al., 157 Pa. 358; Smith v. Horn, 168 Pa. 372; Com. v. McDonald, 16 S. & R. 390;

Schenley v. Pittsburgh, 104 Pa. 472; Shattuck v. Cunningham et al., 166 Pa. 368

*Walter Jones,* for appellee, cited: Midland Mining Company v. Lehigh Valley Coal Co., 136 Pa. 444; Coleman v. Eberly, 76 Pa. 197; Province v. Crow, 70 Pa. 199; Kountz v. O'Hara Street Ry. Co., 48 Pa. Superior Ct. 132; Green v. Schrack, 16 Pa. Superior Ct. 26; Davis v. Sabita, 63 Pa. 90; Armstrong v. Boyd, 3 P. & W. 458; Com. v. McDonald, 16 S. & R. 390.

OPINION BY HEAD, J., July 14, 1921:

The action was ejectment. The case was tried to a conclusion before a court and jury and resulted in a verdict for the plaintiff. Thereafter the court below set aside the verdict and entered a judgment n. o. v. in favor of the defendant. The plaintiff appeals.

The contention between the parties turns upon the proper construction of a deed, made and recorded in 1866, by the heirs of John Dibert, Sr., deceased, to Mary W. Dibert. The identity of the land conveyed by that deed is to be gathered partly from the words of description and partly by the aid of a map or plan of lots to which it refers. It seems proper to quote the descriptive language from the deed itself: "A quadrangular piece of ground marked on the plan of Dibert's heirs as lots numbers 21 and 22, bounded by Somerset Street on the one side and by alleys on the other three sides," etc. In the year following that of the execution of the deed there was placed upon the records of Cambria County a plan of lots made by the engineer who, it is conceded, made the draft referred to in the deed. One of the important questions of fact to be determined by the jury was whether or not that plan, so recorded about a year after the making of the deed, was in fact the plan in existence at the time the deed was made known to the parties who made it, and used by the scrivener who drew the conveyance. Judge KEIM, who was married to one of

the Dibert heirs, the grantors in the deed, and who himself as her husband joined therein, was called as a witness. With the plan recorded in the recorder's office before him, he testified that was a copy of the plan laid out by the Dibert heirs and used by them in the execution of many conveyances of the lots therein exhibited. His testimony necessarily made that record admissible as evidence in the case and the verdict of the jury has established that record is and was the plan from which the deed was made. The legal effect of the verdict, under the submission, is thus correctly stated by the court below in the opinion entering judgment n. o. v. "The plan of the Dibert heirs therefore, identified in the record as plaintiffs' exhibit No. 2, by this verdict becomes an essential part of this deed with the same force and effect as if copied therein: Higgins v. Sharon Borough, 5 Pa. Superior Ct. 92; Birmingham v. Anderson, 48 Pa. 253; Transue v. Sell, 105 Pa. 604; Ferguson's App., 117 Pa. 426."

Now when we turn to the plan we find lots numbers 21 and 22. Together they constitute not a quadrangular but a triangular piece of ground. Together they are bounded on one side by Somerset Street and on the other two sides by alleys. It is apparent therefore there is a discrepancy between the picture conveyed to the eye by an examination of the plan and the one portrayed to the mind by the use of the descriptive words. With that situation confronting the trial judge, we think he was correct in his conclusion that parol testimony was admissible to aid the jury in determining the subject-matter of the grant. The familiar principle that controls in such cases is thus stated by ORLADY, J., speaking for this court in Kountz v. O'Hara Ry. Co., 48 Pa. Superior Ct. 132: "We held in Carroll v. Miner, 1 Pa. Superior Ct. 439, that it is undoubtedly true that where the subject-matter of a grant is insufficiently described in a deed, parol evidence may be given to show precisely what was intended to be conveyed, and when there is any doubt as

to the extent of the subject-matter devised by will, demised or sold, it is a matter of extrinsic evidence to show what is included under the description as parcel of it, and that the extent of the grant must go to the jury." And this was the second material question submitted by the court to the jury under proper instructions at the trial. On this question also the jury found for the plaintiff. With the draft before them, their verdict evidently meant they regarded the plan itself and the numbers of the lots as the controlling words in the entire description written into the deed. They therefore construed the descriptive word "quadrangular" as "triangular" because the plat showed the two lots as a whole were in fact triangular. They must have determined that when the scrivener said "and by alleys on the other three sides," he meant alleys on the other two sides because there were but two remaining sides in addition to that along Somerset Street. It was the proper function of the jury to determine that very question.

Now upon what ground did the learned court below determine, as a matter of law, that there was no evidence at all to support a verdict in favor of the plaintiff and it was therefore his duty to enter a judgment n. o. v. for the defendant? The witness already referred to, Judge KEIM, and Mary Dibert, the grantee in the deed in question, agreed in their oral testimony it was not the intention either of the grantors in the deed or the grantee who accepted it, that the conveyance should carry every bit of lot number 22, the apex of the triangle as exhibited on the plan. They agreed that according to the understanding of the parties the small point was intended to be excluded from the conveyance, just as if an alley, existed in the plan to the westward of these lots, had been projected through lot number 22, thus cutting off the southernmost point of it. It may possibly be they were correct in their understanding, but the jury had their testimony and declined to accept it as against the clear designation of the lots in the plan by their number. How

could the court, as a question of law, discard the plan and say it had no evidential value? How could he cast aside the clear language of the grant of all of lots numbers 21 and 22, as shown in the plan, and determine, on this parol evidence, that the deed only meant to convey lot 21 and a part of lot 22? In Shattuck v. Cunningham, 166 Pa. 368, the Supreme Court adopted as a correct statement of the law the following language of the learned referee who made the report in that case: "There are numerous reported cases in which repugnant descriptions found in the contract or conveyance have been construed by the courts. In all the cases in which the thing granted has been described by its number as found on the ground, or a plat, or by a name by which it is known or designated, or where it is described as a tract occupied by a particular person, such description has been held sufficient in a conveyance, contract or writ of ejectment to be a sufficient description to effectuate the purpose of the parties, and even when the instrument construed containing a repugnant description by metes and bounds, the latter has been made to yield to the former." Many cases are cited in support of this doctrine. We are not undertaking to say in the case at bar the learned trial judge should have determined, as matter of law, the grantee in the deed referred to took all of lots numbers 21 and 22. It is not necessary that we should so hold, as the question does not arise. But certainly the defendant could not complain of the facts, that parol testimony was received to explain away the recorded plan and the plain grant of all of lots numbers 21 and 22 therein, because without such parol evidence he would have had no case at all. The argument made by the learned counsel for the appellee to support the judgment, to wit, that conditions existing on the ground shortly after the deed was made and continuing through a period of years, was proper evidence of the understanding of the parties at the time the deed was made, would go a long ways to show the learned trial judge erred in rejecting evidence

of similar import offered by the plaintiff to strengthen his contention as to the meaning of the deed. It is true that in the opinion already quoted from in Kountz v. Railway Company, we read, "Where the words used in the description in a deed are uncertain or ambiguous, and the parties have by their acts given a practical construction thereto, the construction so put upon the deed by them may be resorted to, to aid in ascertaining their intention. Cases cited." Not in ascertaining it as a matter of law for the court, but clearly relating to the language above already quoted, that in such cases the entire question becomes one for the jury. Per contra, we may repeat the statement of GIBSON, C. J., cited in Shattuck v. Cunningham, supra, "Where there is a discrepancy between the numbered corner and the boundaries returned, it appears more reasonable that the number should be taken to determine the boundaries than that the boundaries should be taken to determine the number."

As we view the entire record,—apart from the exclusion of evidence offered by the plaintiff and complained of in numerous assignments—the case was tried on correct principles and the learned judge fell into error afterwards in concluding, upon the strength of parol testimony he regarded as uncontradicted, that there was no evidence of probative value to support the conclusion that the deed carried to the grantee all of lots numbers 21 and 22. We must therefore reverse the judgment and send the record back to enable the court below to enter a judgment in harmony with this opinion. The twenty-third assignment is sustained.

The judgment is reversed and the record remitted to the court below with direction to enter judgment on the verdict in favor of the plaintiff.