## Persky v. Wolicki et ux., Appellants.

*Vendor and vendee—Equity—Specific performance—Parol evidence—Statute of frauds—Deed—Description of premises.*

1. On a bill in equity to compel the specific performance of an agreement to sell real estate, where defendants deny that a portion of the premises claimed were included in the agreement of sale, parol evidence is admissible to show the premises intended to be conveyed, and what was included in the description as it was set forth in the agreement.

2. Such agreement should be sufficiently definite, under the statute of frauds, to enable one to identify the subject of sale, but it is not necessary to so describe the land as to avoid the necessity of parol proof of its identity.

Argued November 24, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 9, Jan. T., 1927, by defendants, from decree of C. P. Berks Co., sitting in equity, No. 1382, Equity Docket, 1924, awarding specific performance in case of Morris Persky v. Michael Wolicki et ux. Affirmed.

Bill for specific performance. Tried before ENDLICH, P. J. Decree awarded, on exceptions, by HENRY, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Decree for plaintiff. Defendants appealed.

*Error assigned* was, inter alia, decree, quoting record.

*Joseph R. Dickinson,* with him *William A. Shomo,* for appellants.—The chancellor erred in permitting parol evidence to establish the subject-matter of the contract: Ferguson v. Staver, 33 Pa. 411; O'Connell v. Cease, 267 Pa. 288; Hammer & Dauler v. McEldowny, 46 Pa. 334; Ross v. Baker, 72 Pa. 186; Mellon v. Davison, 123 Pa. 298; Cortelyou's App., 102 Pa. 576; Felty v. Calhoon, 139 Pa. 378; Agnew v. Land Co., 204 Pa. 192; Henry v. Black, 210 Pa. 245; Baldridge v. George, 216 Pa. 231; Zimmerman v. Rhoads, 226 Pa. 174; Haupt v. Unger, 222 Pa. 439; Ranney v. Byers, 219 Pa. 332; Weisenberger v. Huebner, 264 Pa. 316.

*E. L. DeLong,* with him *H. P. Keiser* and *C. H. Ruhl,* for appellee.—Parol evidence was admissible: Smith & Fleek's App., 69 Pa. 474; Henry v. Black, 210 Pa. 245; Shattuck v. Cunningham, 166 Pa. 368; Lawver v. Anderson, 275 Pa. 211; Phillips v. Swank, 120 Pa. 76; Ranney v. Byers, 219 Pa. 332; Title Guaranty & Surety Co. v. Lippincott, 252 Pa. 112.

OPINION BY MR. JUSTICE SCHAFFER, January 3, 1927:

Defendants appeal from a decree of specific performance directing them to execute a deed to plaintiff for

certain real estate which the chancellor found they had undertaken to convey by articles.

Appellants do not deny that they had agreed to convey part of the property which they owned; their contention is that they are not bound to convey all of it. The learned chancellor found otherwise and that they must convey the property in its entirety. His conclusion has our assent.

The writing stipulated that defendants, for the consideration of $22,900, would convey to plaintiff "All that certain three story. brick dwelling house and storeroom, with the lot or piece of ground upon which same is erected, situate at No. 300 South 8th Street, in the City of Reading aforesaid, together with" certain enumerated personal property making up the equipment of a bakery, which was the business carried on in the property by the sellers and which the buyer intended to continue.

It is alleged by appellants that their contract did not require them to convey a garage which adjoined the brick dwelling. This is the dispute in the case. Plaintiff contends that the garage was included in his purchase and that he is entitled to show that it was; defendants' position is that parol testimony may not be given to designate further the property because of the statute of frauds.

When appellants purchased the property it consisted of three parcels, a store and dwelling Nos. 300 and 302 8th Street and two other dwellings Nos. 304 and 306, with a combined frontage of 83 feet 2½ inches on 8th Street and extending along Bingaman Street 95 feet 7¾ inches. The houses were all apparently thrown together to form the bakery and the entire property was numbered 300 8th Street, the other numbers being done away with. The store was on the corner of 8th and Bingaman streets, and along Bingaman Street and adjoining the store appellants built the garage in question.

The chancellor found upon sufficient evidence that "within a portion of the garage the ovens and coal bin

used in connection with the bakery have been erected, and the coal used for the ovens and the ashes therefrom must be taken through the garage. The garage is connected with the bakery by a doorway and is used to some extent for the purpose of loading products of the bakery. The principal use of these premises was for a bakery and all of it had some connection therewith, although a portion of the garage may have been used for other purposes, but the fact that the ovens and coal bin were built within its confines and that in firing the ovens the coal and ashes were taken through the garage indicates that the premises, including the garage, were used and considered as one property." The court also found that the garage "was essential to the operation of the bakery." A significant admission made by appellants is that if it may be the fact that the garage must be used in connection with the bakery, this can be accomplished by the grant of an easement through it to appellees which they are willing to put in a deed. They now say that this was the understanding when they entered into the agreement of sale.

To establish the facts basing the findings which we have recited, it was competent for the chancellor to receive parol proof to show the extent of the premises intended to be conveyed and to disclose what was included in the description as it was set forth in the agreement. Certainly the statute of frauds does not preclude such proof where the premises are so clearly designated regarding location as they are here. "The agreement should be sufficiently definite to enable one to identify the subject of sale......Not that it is necessary to so describe the land as to avoid the necessity of proof of its identity; for, whether described by metes and bounds, monuments or adjoinders, its identification necessarily becomes the subject of certain parol proof": Shaw v. Cornman, 271 Pa. 260, 262; Cohen v. Jones, 274 Pa. 417; Lawver v. Anderson, 275 Pa. 211.

The decree is affirmed at the cost of appellants.