562    KENTUCKY REPORTS.    [VOL. 88.

Town of Parkland v. Gaines.    Same v. Brown.

CASE 86—AGREED CASE—MAY 9.

# Town of Parkland v. Gaines.

# Same v. Brown.

APPEALS FROM LOUISVILLE CHANCERY COURT.

1. TITLE OF ACT OF THE LEGISLATURE.—The subject of an act of the legislature extending the limits of the town of Parkland is sufficiently expressed in the title: "An act to amend the charter of the town of Parkland in Jefferson county." If, however, the act were construed as merely creating a road district—a construction contended for by one of the parties—the title would be misleading and the act unconstitutional.

2. TAXATION FOR CONSTRUCTION OF ROADS.—The system of taxation resorted to in cities and towns for the construction of streets can not, under our constitution, be applied to the construction of roads running through farming lands.

3. FARMING LANDS INCLUDED WITHIN THE BOUNDARY OF A TOWN can not be taxed for the construction of streets or other municipal purposes where there is no city population near the land, and no reason for extending the municipal government over it except for the purpose of adding to the revenues of the town.

4. STREET IMPROVEMENTS.—A large body of farming lands included within the boundary of a town being exempt from a tax imposed to pay bonds issued for the cost of constructing streets, the entire act of the legislature in reference to the issual of the bonds must fail, as it can not be presumed that it was the legislative intent that the actual town should bear the whole burden.

SIMRALL & BODLEY FOR APPELLANT.

1. The legislature has the power to lay out the district which was called Parkland as a tax district, and to tax the inhabitants and land within that district for local improvements; and the grading and paving of public highways through the district is a local improvement within the meaning of the decisions of this court in similar cases.

In the Courtney case (12 Bush) and all others of similar kind wherein it has been held that agricultural lands can not be constitutionally taxed for "municipal purposes," there was an effort to apply the proceeds of taxation to the payment of the expenses of town

government.  Not so here.  No part of this fund can be diverted from the one object of its creation—the improvement of these highways.

2. The subject of the act is sufficiently expressed in the title.  The enlargement of the limits of a town is pertinent to an act entitled *an act to amend the charter of the town.*  (Dillon on Mun. Corp., sec. 28; Swift v. Newport, 7 Bush, .37; City of Covington v. Southgate, 15 B. M., 498; Courtney v. Louisville, 12 Bush, 420.)

3. The notice of election was sufficient.

HELM & BRUCE for appellees.

1. The land of appellees is agricultural property and can not be taxed for municipal purposes.  (Cheaney v. Hooser, 9 B. M., 330, 348; Covington v. Southgate, 15 B. M., 491; Courtney v. City of Louisville, 12 Bush, 419; Preston v. Roberts, 12 Bush, 578.)

2. An act of the legislature can not relate to more than one subject, and that subject must be expressed in the title; and, therefore, if the legislature proposes to make a tax district for the purpose of building roads into an agricultural country lying adjacent to, but not within, the boundaries of the town, it can not accomplish that object in an act the title to which is, *an act to amend the charter of the adjacent town,* and in which act there are provisions made for the municipal concerns of that town.  (Pennington v. Woolfolk, 79 Ky., 20.)

The cases of Henderson v. Lambert, 8 Bush, 607; Courtney v. Louisville, 12 Bush, 423; County Judge of Shelby County v. Shelby Railroad Co., 5 Bush, 225; and McFerran v. Alloway, 14 Bush, 580, commented on.

3. The act is unconstitutional as to the land in the *de facto* town of Parkland, as well as to that outside of it; for it can not be presumed that, if the attention of the legislature had been called to the fact that a very large part of this territory could not be subjected, it would have attempted to raise this large amount of money on the small remaining part.

4. The election was not regular, because no *sufficient* notice was given of it as required by the statute.

JUDGE PRYOR delivered the opinion of the court.

These two actions involve the right of the trustees of the town of Parkland to issue bonds to the amount of $25,000, to be paid by the levy of taxes on the property within the town boundary.  The facts of this case show that this town was incorporated many years since, and

that the area upon which the town proper stands includes about one hundred acres. On this territory dwells the town population, or the most of it, having within it all the conveniences in the way of streets, alleys, sidewalks, etc., that usually pertain to a town of its size. By an amendment to the charter the town limits were extended so as to include within the entire boundary over six hundred acres. A part of the addition to the territory was divided and sold off into lots, upon some of which houses were erected, but much of it used for agricultural purposes. On the 5th of April, in the year 1888, another act of the legislature was obtained, making a further extension of the western boundary of the town to the Ohio river, and in this new extension is embraced seven hundred acres of land, making the actual boundary of the town include thirteen hundred and fifty acres. This last addition to the town is composed of farming land, and the appellee, Gaines, owns and is in possession of a farm within this new territory, and using it solely for agricultural purposes.

The appellee, Brown, lives or owns property within the actual town. The legislature, in extending the town limits, provided for the collection of an annual tax for municipal purposes, and, by the fourth section of the act, for the purpose of building a school-house and establishing a school for the benefit of the town, and for the purpose of grading, making and repairing streets, sidewalks and alleys, the trustees were empowered to contract certain liabilities, the ordinance evidencing the action of the board to be first approved by a majority of the qualified voters of the town. The seventh section of the act,

from which this litigation originated, seems to be confined to the construction of certain named streets, the principal street being known or designated as Virginia avenue, to begin at the Ohio river and run through the entire town boundary. The board of trustees were required by the act to issue bonds of the town in an amount not exceeding twenty-five thousand dollars, bearing interest at six per cent., and payable as directed by the act, the proceeds to be applied to the construction of these streets—this ordinance or resolution directing the bonds to be issued to be first submitted to the popular vote. The ordinance was approved by a majority vote, and as the property within the entire territory was, by an express provision of the act, made liable for the payment of these bonds, Gaines, who owned the agricultural land included in the last addition of territory to the town, insisting that his land could not be taxed for municipal purposes, obtained an injunction against the collection of the tax, and Brown, the other appellee, obtained his injunction on the ground that as all the agricultural land was exempt from taxation for the purposes contemplated, the actual town of Parkland should not be compelled to bear the whole burden, as such could not have been the legislative intent. As we concur with counsel for the appellees that these farming lands can not be taxed for municipal purposes, it is not necessary to consider the question raised as to the validity of the election under which the ordinance making the appropriation was approved.

It is urged that the title of the act by which the charter of the town of Parkland was amended, extending the boundary of the town, is misleading and delusive, and,

therefore, unconstitutional. The title is, "An act to amend the charter of the "town of Parkland in Jefferson county," and as the extension of the town limits has a direct connection with the subject expressed in the title, there can be no constitutional objection on that ground.

The difficulty in regard to the title of the act arises from the construction given it by counsel for the appellant, who maintains that it is constitutional. It is conceded that the land of Gaines can not be taxed for a municipal purpose, and, hence, the argument made by counsel sustaining the right of taxation is, that the act in question, purporting to be an amendment to the town charter, is, in fact, an act creating a road district, in which both town and country property is included, and as local taxation may be resorted to for such a purpose, the act in question is constitutional. If the views of counsel are to prevail, then we have an act to create a road district entitled, an act " to amend the charter of the town of " Parkland." Such a title would certainly be misleading, and to prevent such legislation section 37 of article 2 of the constitution was adopted.

That the legislature might create a road district, including a town within its boundary, is not controverted, but even then the question might arise as to whether or not such legislation was obtained for the mere purpose of taxing farming lands in order to aid in the construction of streets and alleys within the town. This would be tested by the usual burdens imposed on farming lands for the ordinary improvement and construction of roads. The system of taxation resorted to in cities and towns for the construction of ways can not well be applied to the

construction of roads, under our present system, running through farming lands, and such burdens, when imposed, have been invariably held to be unconstitutional. (Graham, &c., v. Conger, &c., 85 Ky., 582.)

It can not be maintained, from the facts of this record, that this legislation was for any other purpose than municipal. The several provisions of the amendment looking to the improvement of the streets and alleys of the town, connected with the large extension of the boundary, manifests a plain purpose of adding to the revenues of the town by including within its boundary these farming lands. If intended as a road tax for a road district the title is misleading, and if intended as an amendment to the charter of the town, then the tax on these farming lands is clearly unconstitutional. The reported cases of Courtney v. City of Louisville, 12 Bush, 419; Preston v. Roberts, 12 Bush, 570, and MS. opinions, several in number, settle this question against the appellant. There is no city population near the land of the appellee, Gaines, or necessity of taxing him to build these streets, or any reason for extending the municipal government over his lands except to tax him. He can not and does not have the advantages or benefits that the citizens of the town proper enjoy from their local government; and the attempt to exercise the taxing power in this case, if carried out, would be taking his private property for public use, without first making constitutional compensation.

In the case of City of Henderson v. Lambert, 8 Bush, 607, the territory embracing the city of Henderson, including the land of Lambert, was incorpo-

rated as a school district. It was a special school tax within this district, and not a municipal assessment, and therefore has no application to this case. Here it is municipal, because the legislation following the title of the act relates solely to municipal expenditures, and vests the power in the trustees to make all character of municipal improvements subject to certain restrictions. It is, therefore, such legislation, if permitted to be enforced, as would violate the fundamental law of the land, by taking from the appellee his property without his consent, for a municipal use in which he has no greater interest than any other farmer in the county of Jefferson.

Can this tax be enforced against the appellee, Roberts, and the entire burden placed on the town of Parkland proper? If the tax was separable, so as the burden might be imposed on the town alone without oppressing its tax-payers, we would hold the appellee, Roberts, liable; but in this case greatly more than one-half of the property is released from taxation, and the legislature never intended that the measure of liability on the tax-payers should be determined by the extent to which the act would be held constitutional. The intention was to impose the burden on all, and as much of the property has been released, the entire act in reference to the issual of these bonds must fail. While the limits of the town may be extended, it does not follow that taxation for municipal purposes can be imposed on farming lands included within the boundary.

Judgment affirmed in each case.