Coates *v.* Commercial Credit Co., Appellant.

Argued January 4, 1933.   Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Ward C. Henry,* for appellant.—There is no presumption which has been created by this court that the pres-

ence of dealer's license tags upon an automobile shows that the automobile is being used upon the business of the person or corporation to whom the tags were issued: Reed v. Bennett, 276 Pa. 107; Holzheimer v. Lit Bros., 262 Pa. 150.

If there be any such presumption, it is not sufficient in itself to create an issue which would warrant the submission of the case to the jury.

*C. Brewster Rhoads,* with him *Vincent Moranz* and *Montgomery & McCracken,* for appellee.—That such a presumption of agency arises from the presence of dealer's tags was early established by this court in the case of Haring v. Connell, 244 Pa. 439; cf. Herrington v. Hill, 60 Pa. Superior Ct. 202; Theil v. Wolfe, 77 Pa. Superior Ct. 312; Prezel v. Spencer, 99 Pa. Superior Ct. 404.

It is solely the province of the jury to determine whether the presumption raised by the existence of dealer's registration plates has been overcome by oral evidence offered by the defendant: Shaughnessy v. Director General of Railroads, 274 Pa. 413; Siber v. Ice Cream Co., 276 Pa. 340; Gojkovic v. Wageley, 278 Pa. 488; Hartig v. Ice Co., 290 Pa. 21; Giles v. Bennett, 298 Pa. 158.

OPINION BY MR. CHIEF JUSTICE FRAZER, February 1, 1933:

This appeal is from a judgment in the amount of $7,740, entered on a verdict in favor of plaintiff in an action of trespass to recover damages for personal injuries. Plaintiff was struck by an automobile owned by defendant company carrying Pennsylvania dealer's license plates 2X372, issued to it for the year 1930. At the time of the accident the car was operated by one Shaffer, night man and chauffeur for the O'Brien Motors Company, a garage in which cars of defendant were stored.

The facts as to the scene of the accident and the attending circumstances need not be related in detail as

the case must be disposed of on other grounds. The sole question presented is whether the presence of a dealer's license plates upon an automobile owned by the person or corporation to whom issued gives rise to a presumption the car is being operated in the business of the owner. Appellant argues there is no such presumption under the Motor Vehicle Code of 1929, but that, even admitting its existence, it is destroyed by uncontradicted oral testimony to the effect that the car was operated without authority and not in pursuance of duties connected with the owner's business.

At the trial the defense was that Shaffer, the operator of the car, was not an employee of defendant company, that he had no authority to drive its cars, and, even if he had, defendant was not liable as the car at the time of the accident was not being used by an employee of defendant for any purpose within the scope of the servant's employment or on the business of defendant.

Plaintiff relied upon the presumption arising from the presence of dealer's license plates on the automobile. This principle was first stated in Haring v. Connell, 244 Pa. 439, 443, as follows: "The tag was......prima facie evidence that, at the time of the collision, the [defendants], or someone acting under their authority, were operating the car......" The only evidence offered in the case now before us to rebut the presumption was the testimony of Shaffer to the effect he was not an employee of defendant, and at the time of the accident was driving the car to his home on a personal matter. The car was taken from the garage premises by a salesman of the O'Brien Motors Company, who directed the night man to accompany him to his destination and then return the car to the garage. Under cross-examination, it was brought out that Shaffer, in connection with his duties at the garage, had on occasions driven repossessed cars of defendant company at the request of the latter, and that he was "on call at any time from the Commercial Credit Company." It was also made evident that, at

the coroner's inquest, shortly after the accident in question, the witness had testified falsely in an effort to safeguard his position, and that there were material differences between his testimony at a former trial of the case and that given at the time here under discussion.

A question was thus raised for the jury as to whether Shaffer was not really an employee of defendant company, despite his assertion that he worked only for O'Brien, the operator of the garage. At the conclusion of the testimony, the learned trial judge, in a comprehensive charge, correctly left this question to the jury. Their verdict in favor of plaintiff indicates the jury repudiated Shaffer's testimony that he was not defendant's employee, if indeed they did not disregard his testimony altogether.

Appellant contends the presumption that an automobile bearing a dealer's license tags was being used in the owner's business arose solely in view of the wording of the Act of April 21, 1911, P. L. 74, and that no necessity remains for the continued existence of the presumption under the Motor Vehicle Code of 1929. The argument is advanced that the permissible uses for cars bearing dealer's license plates have been extended so greatly that there is now no more reason for applying a presumption to them than in the case of an owner of an ordinary pleasure and family car. We cannot agree with this assertion, as the legislature has continued to restrict the operation of automobiles bearing dealer's license tags, one of the provisions regulating their use stating that such cars may only be driven for pleasure by the dealer himself or an immediate member of his family. The presumption, accordingly, still arises; as the legislature has specified the occasions on which dealers' automobiles may legally be operated, it must be presumed that its prescribed rules are being complied with. The principle relied on by plaintiff in the present case has been recognized in a number of cases, and they are conclusive of the issue here. See Prezel v. Spencer, 99 Pa. Supe-

rior Ct. 404, and cases therein. Oral testimony having been offered to rebut the presumption arising from the presence of the dealer's license plates, a question of fact was necessarily raised which the court below was clearly right in submitting to the jury: Herrington v. Hill, 60 Pa. Superior Ct. 202; Williams v. Ludwig Floral Co., 252 Pa. 140. "In all our recent cases, we have consistently held that oral evidence relied on to overcome presumptions sufficient to take plaintiff's case to the jury, must be submitted to that body to determine as to the credibility of the witnesses, the inferences to be drawn from their testimony, and the facts to be found therefrom, unless the testimony in question, being clear, positive, credible, uncontradicted and indisputable, shows physical facts, or forms the basis for mathematical tests which demonstratively govern the case in defendant's favor:" Hartig v. American Ice Co., 290 Pa. 21, 33; Giles v. Bennett, 298 Pa. 158, 162.

The judgment is affirmed.