Gasperoni et al. *v.* Datt, Appellant.

Datt, Appellant, *v.* Gasperoni et al.

Argued March 31, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

_Lee C. McCandless_, of _Marshall & McCandless_, for appellant.

_James A. Chambers_, of _Chambers & Chambers_, with him _Brandon & Brandon_, for appellee.

PER CURIAM, April 14, 1941:
These appeals involve cross-actions in trespass arising out of a right-angle collision of a coal truck, loaded with seven tons of coal, being operated by Sam Gasperoni, who died at the scene of the accident, in a westwardly direction on the north side of Franklin Street, in the Borough of Slippery Rock, and a passenger auto-

mobile, being driven by W. P. Datt in a northerly direction on the eastern side of Main Street, within the intersection of Franklin and Main Streets, on Sunday morning, January 7, 1940. The two actions, one by Gasperoni's administratrix, Mary Gasperoni, against Datt, and the other by Datt against Mary Gasperoni, administratrix, were tried together before the court below and a jury, resulting in a verdict in the sum of $6000 for the plaintiff in the former and a verdict for the defendant in the latter. Datt filed a motion for judgment n. o. v. in the action against him and moved for a new trial in each case, all of which motions were refused and judgments were entered in accordance with the verdicts. These appeals followed.

It is fairly to be deduced from the evidence, which consisted principally of the tsetimony of an eyewitness, one Dight, who testified that he observed the Gasperoni truck when it was within 300 or 400 feet of the intersection and observed the Datt car when it was about 75 feet away, but did not observe the truck again "until they were even with each other and my eyes sighted what took in both of them", that the truck and the car approached the intersection at approximately the same time, at approximately the same moderate rate of speed, and that each of the drivers had an unobstructed view of the vehicle of the other for a considerable distance as it proceeded towards the intersection. A traffic light suspended above the intersection was not in operation on the morning of the accident and neither of the streets in question was a "stop" street. Under these circumstances, the jury was fully justified in finding that Datt, being "the driver on the left", was clearly negligent in failing to yield the right of way to Gasperoni, as provided by section 1013 of the Act of May 1, 1929, P. L. 905, as amended by the Act of June 29, 1937, P. L. 2329, section 3, and that Gasperoni was warranted in assuming that he would do so and in acting accordingly; hence, the court below committed no

error in refusing the motion for judgment n. o. v.: *Hostetler v. Kniseley,* 322 Pa. 248.

As the reasons now urged for granting new trials were not among the reasons filed in support of the motions in the court below *(Roebling's Sons Co. v. Am. A. & C. Co.,* 231 Pa. 261, 271; *Zimmerman v. Houghwot,* 125 Pa. Superior Ct. 319, 322), and, because the objections are neither set forth nor suggested by the statement of questions involved *(Linck v. Plankenhorn,* 286 Pa. 319, 325), they are not properly before us for consideration, and we do not discuss them. Suffice it to say that our review of the record discloses no reversible error therein.

Judgments affirmed.