Dugan et al. *v.* McGara's Inc., Appellant.

Argued March 30, 1942. Before Schaffer, C. J.; Maxey, Drew, Linn, Stern, Patterson and Parker, JJ.

*A. C. Scales,* of *Scales, Loughran & Shaw,* with him *A. F. Burkardt,* for appellant.

*Burtt Harris,* for appellees.

Opinion by Mr. Justice Patterson, April 13, 1942:

This action in trespass was instituted by Clara L. Dugan, a minor, by her father and next friend, Edward R. Dugan, and by Edward R. Dugan, in his own right, appellees, to recover for injuries sustained by the child as the result of being struck by a truck owned by the appellant, McGara's, Inc., while she was crossing from the south to the north side of "Larimer Road", a two-lane highway, twenty feet in width, in Huntington Township, Westmoreland County. At the time of her injuries, about 7:30 p.m. on June 16, 1939, the child, who was then only five years of age, had come out of a candy store on the south side of "Larimer Road", in the company of another little girl, and had proceeded two-thirds of the distance across the highway when appellant's truck, being operated by one Elliott W. Martin in an easterly direction, swerved to the left or wrong side of the highway, striking her and causing the serious injuries for which suit was brought. At the conclusion of appellees' testi-

mony, appellant moved for a compulsory nonsuit on the ground that the driver of the truck was not its servant engaged upon its business, when the accident occurred, and on the ground that negligence on the part of the driver had not been established. This motion was refused by the court, as was also appellant's subsequent request for binding instructions, and the case was submitted to the jury, resulting in verdicts for appellees, totalling $3,954. Appellant thereupon filed a motion for a new trial, which it later abandoned, and a motion for judgment non obstante veredicto. After argument on the motion for judgment, the court en banc entered orders overruling both motions and directed that judgments be entered in accordance with the verdicts in appellees' favor. These appeals were then taken.

Called as a witness for appellees, Martin, the driver of the truck, which admittedly belonged to appellant, testified that at the time of the accident he was employed by the Great Atlantic and Pacific Tea Company, in removing trash from stores which it had vacated, and that he was using appellant's truck for this purpose without its knowledge or consent, having taken the truck from appellant's parking lot, without leave, after business hours. Similar testimony was offered by one Grande, Martin's helper, who was riding with him in the truck at the time. Conceding that where, as here, the vehicle involved is a commercial vehicle, as distinguished from a non-commercial one, and its ownership is admitted by defendant, a presumption ordinarily arises that the driver was defendant's servant and that it was being operated at the time of the accident for the purposes of defendant's business (*Marach v. Kooistra*, 329 Pa. 324), appellant urges that the testimony of these witnesses, given as part of appellees' own case, dispels the effect of the presumption and should have been held to prevent recovery against it as a matter of law. If the testimony referred to stood uncontradicted upon the record by other evidence adduced by appellees, we would be bound

to conclude that this contention must prevail. As said in *Conley v. Mervis*, 324 Pa. 577, 587 : "While it is true that where plaintiff's case rests upon a presumption he is entitled to have it submitted to the jury though rebutted by defendant's uncontradicted parol evidence (*Coates v. Commercial Credit Co.*, 310 Pa. 330), where the presumption is rebutted by plaintiff's own [uncontradictory] evidence, it disappears and a nonsuit will be granted." See also *Felski v. Zeidman*, 281 Pa. 419; *Readshaw v. Montgomery*, 313 Pa. 206. Appellees, however, called additional witnesses, who testified to the contrary, including one Hall, district supervisor of the Great Atlantic and Pacific Tea Company, and his assistant supervisor, one Dessy. These witnesses testified that Martin, the driver, was not employed by the Tea Company, was not paid by it, and was not subject to its direction or control; that the appellant had entered into a contract with the Tea Company for the removal of merchandise and rubbish from its vacated stores; and that appellant was so engaged, under the contract, using its own truck, driven by Martin, on the day of the accident. Appellees also offered, in corroboration of this testimony, a receipted bill presented to the Tea Company, dated June 16, 1939, the day of the accident, and signed by appellant's president and principal owner, A. J. McGara, showing payment to him of the sum of $19.40 for "Removing Stores." McGara, testifying for appellant, stated that the truck had been loaned to the Tea Company and that the receipted bill introduced into evidence by appellees was for gasoline and oil consumed in the Tea Company's use of the truck and for the cost of a new tire, but he was unable to explain why the bill, prepared by him, did not show these items. Under such circumstances, whether the presumption was rebutted presented a matter for determination by the jury, as the court below very properly held. See *Giles v. Bennett*, 298 Pa. 158, 163-64; *Felski v. Zeidman*, supra, 421; *Readshaw v. Montgomery*, supra, 209.

If the evidence, when viewed in the light most favorable to appellees, indicated that the child was not on the highway such a length of time before the accident occurred that the driver of its truck, in the exercise of due care, should have seen her and avoided the accident, as appellant asserts, then the rule would apply that drivers are not required to anticipate that a child will suddenly run from a place of safety into the path of oncoming motor vehicles, and there could be no recovery: *Stahl v. Sollenberger,* 246 Pa. 525; *McAvoy v. Kromer,* 277 Pa. 196; *Martin v. Rotunnio,* 311 Pa. 487. We are of opinion, however, that there is evidence in the record from which the jury might properly have reached an opposite conclusion. An eyewitness to the accident, testifying for appellees, stated that when the child started to cross the highway he observed appellant's truck, approaching from the west, 225 feet away, and that it was traveling at a speed of fifty miles per hour; that it was still daylight and the road was clear of any obstruction or other traffic to interfere with the driver's view of the child upon the highway; and that the truck proceeded a distance of 176 feet from the point of impact before it was finally brought to a stop. Another witness testified that he observed the child and the truck shortly before the accident and that the truck was 300 feet distant when the child started across the highway. This and other evidence introduced by appellees, including the uncontradicted testimony that the child had traversed two-thirds of the highway before being struck, controverts appellant's contention that she appeared in the path of the truck so suddenly that there was no opportunity to avoid her, and was sufficient to carry the case to the jury on the issue of the driver's negligence. As stated in *Silberstein v. Showell, Fryer & Co.,* 267 Pa. 298, 306: "Where an automobile driver sees a child in a place of danger, or has reason to apprehend that it might run into a place of danger, and has sufficient time to stop his car if under proper control, it is his duty to exercise

such care as would be reasonably necessary to avoid a collision." See also *Kuehne v. Brown,* 257 Pa. 37; *Lucas v. Bushko,* 314 Pa. 310; *Wilson v. Metropolitan Pet. Corp.,* 324 Pa. 321; *Derrickson v. Tomlinson,* 326 Pa. 560; *Derr v. Rich,* 331 Pa. 502.

Since the reasons now urged in support of the granting of a new trial, apart from those which are purely formal, were not among the reasons assigned in the court below, they are not properly before us for consideration, and we do not discuss them: *Gasperoni v. Datt,* 341 Pa. 448, 451. Aside from this, as appellant voluntarily abandoned the motion for a new trial in the court below, it would be in no position to have the refusal of that motion reviewed by this court on appeal. We take occasion to say, however, that we have reviewed the entire record with great care and are satisfied that there is nothing therein amounting to reversible error.

Judgments affirmed.