Lenihan et al. *v.* Davis et ux., Appellants.

48

Argued March 2, 1943. Before KELLER, P. J., BALD-
RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and
RENO, JJ.

*Irving Epstein,* with him *Frank J. McDonnell* and
*Stephen E. Gomber,* for appellants.

*Robert G. Coglizer,* with him *J. Frank Connolly,* for
appellees.

OPINION BY BALDRIGE, J., April 13, 1943:

The parties to this ejectment suit are the owners of
adjoining properties fronting on the east side of Mar-
garet Avenue in the city of Scranton. The strip of
ground in dispute lies along the north boundary line
of the plaintiffs' lot and is 8 inches in width and 150
feet in depth. The jury rendered a verdict for the
plaintiffs. In this appeal that followed the appellants
ask for a new trial on the ground that certain trial
errors were committed.

The defendants in the court below in their motion
for a new trial, after assigning the usual formal
reasons, namely, that the verdict was against the law
and the evidence, assert that the court erred in "accept-

ing the testimony of C. M. Roberts, as to his survey of the land in question" and that "the charge of the Court was inadequate." We will confine ourselves to considering these reasons as those not assigned in support of the motion for a new trial in the lower court may not be considered in an appeal to this court: *Dugan et al. v. McGara's Inc.,* 344 Pa. 460, 465, 25 A. 2d 718.

Competent evidence introduced by the plaintiffs showed that the house on their lot, known as the Morgan property, was built in 1895 and that the dividing fence between their property and the defendants' (Davis) lot had been built sometime prior thereto. It ran 9 inches from the Davis' kitchen and did not encroach upon their lot, which is 25 feet in width and 150 feet in depth, as described in the deeds referred to in their chain of title. It stood there until 1927, and visible marks of its location still remain. In 1924 Arthur J. Roberts, who was living then in the Morgan house, began to use the northern portion of the Morgan lot as a driveway. Mr. Morgan, the father of the plaintiffs from whom they inherited title at his death in 1940, improved the driveway in 1933 by building two strips of concrete each 2 feet wide to give access to a garage in the rear of his lot. No objection was raised to this construction of a driveway or to its use until 1940 when a cement block wall was constructed by defendants, which encroached 8 inches upon the northern strip of concrete. That caused the institution of this action.

We fail to find any error as claimed by the appellants in the admission of testimony giving the location of this old fence, notwithstanding there was no call for a fence in the descriptions given in the deeds. According to the plaintiffs' evidence it had been there and recognized as a boundary line by the parties to this action and their predecessors in title exceeding 21 years. It was perfectly proper to admit parol evidence to establish its location: *Kountz v. O'Hara Street Railway Company,*

48 Pa. Superior Ct. 132, 139. That factual issue was for the jury's determination: *Miles Land Co. v. Hudson Coal Co.,* 246 Pa. 11, 91 A. 1061.

The appellants contend further that the testimony of William J. Thomas, who resided in the Morgan house in 1896, and of Arthur J. Roberts, who began living there in 1921, was not admissible. Objections were made that this testimony was "incompetent, irrelevant, and inadmissible." Motions were made subsequently to strike out the testimony of these witnesses. These objections are classed as general objections as they were not based on any specific grounds. If one has specific reasons to object to testimony he should state them. When a general objection is made if the evidence is competent for any purpose its admission is not error: *Murray v. Frick et al.,* 277 Pa. 190, 195, 121 A. 47. The testimony of both these witnesses related to important and pertinent factors in this case and was properly admitted.

Furthermore, the defendants did not allege in their motion for a new trial that the admission of this testimony was erroneous. They confined themselves to complaining of the admission of the testimony of C. M. Roberts. A reference to the record discloses that no objection at the trial was made to his testimony and it is now too late to successfully contend that it should not have been submitted to the jury. Roberts is the First Assistant City Engineer of Scranton and in the survey he made he fixed the division line as 2 inches north of the edge of the northern strip of concrete which is the one nearest the Davis property. He stated that if a line would be projected from the wall the defendants built it would give their lot a width of 27½ feet in the rear. The case was correctly and fairly submitted to the jury.

We find no reason to sustain any of the assignments of error.

Judgment is affirmed.