## Keane *v.* Philadelphia, Appellant.

Argued October 1, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*James Francis Ryan,* with him *John J. K. Caskie,* Assistant City Solicitors, and *Frank F. Truscott,* City Solicitor, for appellant.

*William F. Quinlan,* with him *Charles G. Gartling* and *Victor Frey,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, November 8, 1948:

This was an action in trespass against the City of Philadelphia to recover for serious and permanent injuries sustained as the result of a fall allegedly caused by the formation of ice on the public sidewalk near the southeast corner of the intersection of 18th and Vine Streets. The case was twice tried. At the first trial the jury disagreed and was discharged. On the second trial the jury returned a verdict against the City in the amount of $20,000 following a charge by the trial judge to which no exception is taken. Motions filed by the City for judgment *non obstante veredicto* and for a new trial were overruled by the court below and judgment was entered on the verdict. The City appeals, assigning for error the refusal of its motion for a new trial.

At the first trial appellee's testimony indicated that he remained at the place where he fell until picked up by a police ambulance, and the police testified that

they picked him up at a point about fourteen feet distant from the ice. On the second trial appellee testified that he "squirmed around" after his fall, moving "approximately a couple feet." Another witnesss, residing at the time near the northeast corner of the intersection and who was not present at the first trial, testified that she had observed appellee on the pavement and that "he was pulling himself, dragging himself around" in the direction of the place where he was picked up according to the records of the police.

Appellant states the question involved as follows: "Where a plaintiff at a second trial, held because the first jury disagreed, changes his testimony on material matters affecting liability to match the story of a surprise witness who had not been present at the first trial, is defendant entitled to a new trial?"

As said in *Koch v. Imhof,* 315 Pa. 145, 147, 172 A. 672, "One who asserts that a trial judge abused his discretion in granting or refusing to grant a new trial, has a heavy burden to carry; too heavy, indeed, unless he can show a clear abuse of discretion by the court below: Class & Nachod Brewing Co. v. Giacobello, 277 Pa. 530; First Nat. Bank of N. J. v. Cattie Bros., 285 Pa. 202; Marko v. Mendelowski, 313 Pa. 46." Our review of the present record leads to the conclusion that no abuse of discretion appears. But in any event, since the sole reason now advanced was not among the reasons assigned in the court below, we may not consider it. In *Dugan v. McGara's Inc.,* 344 Pa. 460, 465, 25 A. 2d 718, it was held: "Since the reasons now urged in support of the granting of a new trial, apart from those which are purely formal, were not among the reasons assigned in the court below, they are not properly before us for consideration, and we do not discuss them." See also *Gasperoni v. Datt,* 341 Pa. 448, 451, 19 A. 2d 376.

Judgment affirmed.