Woldow, Appellant, *v.* Dever.

Argued April 23, 1953. Before STERN, C. J., STEARNE, JONES, CHIDSEY, MUSMANNO and ARNOLD, JJ.

Appeal, No. 137,

reargument refused July 16, 1953.

*Roland J. Christy,* with him *Christy, Harry & Jones,* for appellants.

*William R. Reynolds,* with him *Thomas A. Foulke, MacCoy, Evans & Lewis,* and *Foulke, Knight & Porter,* for appellee.

OPINION BY MR. JUSTICE CHIDSEY, June 26, 1953:

This is an appeal from the order of the court below dismissing plaintiffs' motions for a new trial and judgment non obstante veredicto, and entering judgment on the verdict for the defendant in an action by plaintiffs for return of deposit money paid on account of the purchase of certain real estate in Lower Merion Township, Pennsylvania.

In January, 1951, defendant listed the premises involved, 544 Howe Road, Merion Park, with F. E. Caballero, a real estate broker, to be sold at a price

of $47,500. Prior to this time defendant had widened the driveway at the side of the house so that it encroached upon the neighboring vacant lot five and one-half to six feet for a distance of 50 to 60 feet, and built a retaining wall at the edge of the encroachment. This was done to facilitate the use of the garage which was located on the side of the house at that portion of the driveway. The widening of the driveway was without the permission of the owner of the adjoining premises, and defendant testified that it was his intention to remove it if the owner of the vacant lot objected. There was no such objection by the neighboring owner.

On January 28, 1951, plaintiffs, in company with Louis Greenblatt, Esq., their attorney, visited the premises upon the invitation of Caballero. At the time they arrived Caballero was there but occupied with another prospective purchaser and did not accompany plaintiffs in their inspection of the property. On the following day, January 29th, plaintiffs and Greenblatt appeared at Caballero's office, and after some conversation plaintiffs signed the agreement of sale for the premises and delivered to Caballero a check for $5,000 as a down payment on the purchase price. The foregoing facts are undisputed. The only material conflict in the testimony concerns the conversation between plaintiffs and their attorney and Caballero which immediately preceded the signing of the agreement of sale. Greenblatt and the husband-plaintiff testified that Caballero stated that the broadened portion of the driveway and the retaining wall were included within the boundaries of the property as described in the agreement of sale. The wife-plaintiff testified that Caballero said that the property was "as it was represented". Caballero testified that there was no reference at all to the broadened portion of the driveway during this conversation.

Subsequently plaintiffs obtained a survey of the premises and learned that the broadened portion of the driveway was not within the boundaries of the property as described by metes and bounds in the agreement of sale. The Commonwealth Title Company noted two objections on their certificate and refused to insure title to the broadened portion of the driveway or the right to use such portion. Plaintiffs thereupon demanded return of the down money, which was refused by defendant. Prior to the time fixed for settlement, defendant removed the encroachment and the title company then removed the objections on its certificate of title. At the time fixed for settlement, defendant offered to plaintiffs a deed in accordance with the description of the property as contained in the agreement of sale. This did not include the encroachment and plaintiffs refused to accept the deed. Defendant then declared the down money forfeited as liquidated damages under the terms of the agreement.

The jury returned a verdict for defendant. As stated, plaintiffs filed motions for judgment non obstante veredicto and for a new trial, both of which were overruled.

Where there is a motion for judgment non obstante veredicto, the party in whose favor the jury returned a verdict is entitled to the benefit of all facts and inferences favorable to him, and all conflicts must be resolved in his favor: *Cherry et al. v. Mitosky, Admr., et al.*, 353 Pa. 401, 407, 45 A. 2d 23. Therefore the testimony adduced by plaintiffs that Caballero made affirmative representations that the encroachment was included in the description embodied in the agreement of sale must be ignored, and it must be assumed that no such representation was made, in accordance with Caballero's testimony. The legal issue resulting is whether the physical appearance of the premises, in-

cluding the broadened portion of the driveway, was sufficient in itself to constitute as a matter of law, under the circumstances of this case, a misrepresentation that the property offered for sale included the encroachment, and if so, whether that misrepresentation was material and relied upon by the purchasers.

Appellants contend that as a matter of law the physical appearance of the property constituted a material misrepresentation of it as offered for sale, and that it was appellee's duty to disclose the fact that there was an encroachment before the agreement of sale was signed. In support of this contention appellants cite *Patrick Blygh v. J. A. Samson, et al.,* 137 Pa. 368, 20 A. 996; *M. Braunschweiger and Joseph Manning v. John W. Waits,* 179 Pa. 47, 36 A. 155; *Keily v. Saunders,* 236 Pa. 593, 85 A. 9; *Merritz v. Circelli et ux.,* 361 Pa. 239, 64 A. 2d 796; *Lake v. Thompson,* 366 Pa. 352, 77 A. 2d 364, and *LaCourse v. Kiesel,* 366 Pa. 385, 77 A. 2d 877. These cases are inapposite. In all of them the vendor misrepresented facts by affirmative statements, and none of them holds that where there is a nondisclosure of fact such as here involved the court must determine as a matter of law that there has been a misrepresentation. However, we are not to be understood as saying that a jury would not be permitted to find that the physical appearance of a lot of ground with its improvements and appurtenances constitutes misrepresentation of a property offered for sale. This is an issue of fact which must be determined by the finder of facts under the circumstances of each case. The jury may consider the nature and extent of an encroachment, that the purchaser was represented by counsel both at the time of the inspection of the premises and at the signing of the agreement of sale, and that the description of the premises in the agreement of sale consisted of four straight lines whereas

the encroachment constituted a bulge on one side, or any other facts material to the issue of misrepresentation by physical appearance.

If a jury finds that there has been a misrepresentation, it must further find, before there can be a recovery, that the misrepresentation was of a material fact and was relied upon by the purchaser: *Braunschweiger v. Waits,* supra. The jury was so instructed by the trial judge in the instant case, and the verdict must be taken as meaning that even if there was a false misrepresentation of fact, it was not so material as to entitle appellants to a verdict.

Appellants also argue in support of their motion for judgment non obstante veredicto (1) that the agreement of sale was entered into as the result of mistake; and (2) that removal of the encroachment constituted waste upon the property. These contentions were not made in the court below, and were advanced for the first time in this Court. Aside from the fact that we find no merit in these arguments, the verdict and judgment of the court below may not be impeached by contentions not made in that court: *Fisher, Executor v. Brick,* 358 Pa. 260, 56 A. 2d 213.

There is an additional reason which of itself is sufficient to warrant the refusal to enter judgment non obstante veredicto for appellants. Appellants were plaintiffs in the court below and even where a plaintiff makes out a prima facie case by the testimony of witnesses who are uncontradicted and unimpeached, the credibility of those witnesses must be determined by the jury, and in such circumstances it is error for a trial judge to give binding instructions or grant a motion for judgment non obstante veredicto for the plaintiff: *Nanty-Glo Boro. v. American Surety Co.,* 309 Pa. 236, 163 A. 523. In the present case oral testimony was necessary in at least two instances to make out

plaintiffs' case. The photographs had to be explained by oral testimony, as did also the fact that the description in the agreement of sale did not include the broadened portion of the driveway. In this state of the record a trial judge may not encroach upon the function of the jury and determine the issue of the credibility of the witnesses.

Appellants further contend that they are entitled to a new trial because of trial errors. In support of this contention appellants argue that the court erred in admitting into evidence testimony relating to settlement negotiations, and in refusing one of appellants' points for charge.

The testimony relating to settlement referred to by appellants in their first assignment of trial error was given by defendant and the attorney who represented him in the real estate transaction. The objection made at the trial by plaintiffs' counsel was that the testimony was irrelevant. A compromise offer of settlement is inadmissible when offered against the party who made the offer of settlement: *Berry et al. v. Heinel Motors, Inc.,* 162 Pa. Superior Ct. 52, 56 A. 2d 374. In the instant case it was defendant who made the offer to settle and who introduced the testimony complained of as to such offer. Even if the admission of such testimony would ordinarily be deemed error, appellants are in no position to complain because it was plaintiffs' witness Greenblatt who first introduced the subject of settlement into the trial when he testified extensively on direct examination concerning such settlement negotiations, and in his testimony stated substantially the same facts as were testified to by defendant and his counsel. Greenblatt's testimony could have had a prejudicial effect upon the jury since it could have been construed as an admission of liability by the defendant. In view of this and under the circum-

stances surrounding the settlement negotiations, we think the defendant was entitled to introduce evidence of his version of the incident. As it turned out, there was no material difference in the two versions presented. It cannot be said that the appellants were prejudiced by the introduction of the evidence complained of.

Appellants however further contend that the testimony of appellee's attorney concerning these settlement negotiations was inadmissible because the information it reflected was obtained in violation of Canon 9 of the Canons of Professional Ethics, which prohibits a lawyer from communicating upon the subject of a controversy with a party who is represented by counsel. In the opinion of the court below it is stated: ". . . After the date set for settlement, Mr. Robert Woldow, one of the plaintiffs, called up the defendant and wanted to make an appointment with him. The defendant made an appointment for 2:00 P.M. and had his lawyer, Mr. Reynolds, there at that time. We see no violation of the canons of ethics in having his lawyer present at the meeting which was sought by the plaintiff himself. Mr. Reynolds did not seek out the plaintiff or suggest the meeting. . . .". Appellants' counsel interposed only a general objection to this testimony by appellee's attorney. The objection now raised was not assigned as a reason for excluding the testimony when the objection was made nor included in support of plaintiffs' motion for a new trial. The question now raised was therefore not properly before the court below and need not be considered by this Court. Where only a general objection is made to the admission of evidence, if the evidence is competent for any purpose, its admission is not error: *Murray v. Frick et al.*, 277 Pa. 190, 195, 121 A. 47; *Lenihan et al. v. Davis et ux.*, 152 Pa. Superior Ct. 47, 31 A. 2d 434.

Appellants' last contention is that the trial judge erred when he refused their point for charge to the effect that Caballero was acting as defendant's exclusive agent in his efforts to sell the premises involved. This request for charge was refused because the trial judge was at that time of the impression that there was no evidence that Caballero was the exclusive agent of defendant. In the opinion of the court below it was acknowledged that the impression of the trial judge was incorrect in this respect. However, this misconception was not prejudicial to appellants. In the general charge the judge had instructed the jury that Caballero was defendant's agent and that if they found that Caballero made a material false representation which was relied upon by plaintiffs, plaintiffs would be entitled to a recovery. Whether or not Caballero's agency was exclusive was immaterial to the issue, and the trial judge is not required to grant a request for charge which has been substantially covered in the general charge: *Struppler v. Rexford,* 326 Pa. 545, 192 A. 886. There is no merit in this contention.

Order and judgment affirmed.