McCann, Appellant, v. Hedin.

Argued April 13, 1954. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

 reargument refused June 19, 1954.

*Irwin S. Rubin,* with him *Guy S. Claire,* for appellant.

*Harry J. Liederbach,* with him *Achey & Power,* for appellees.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, May 25, 1954:

Plaintiff loaned to defendants the sum of $5,500 and a judgment note in that amount was executed by them in his favor and placed by him on record. Subsequently defendants petitioned for a rule on plaintiff to show cause why the judgment should not be marked satisfied because, as they alleged, they had paid him five installments each of $1,100, being the full amount due on the note. In his answer to the petition plaintiff admitted the receipt of such payments but averred that they were made, not on the note, but on an open book account for merchandise (turkey feed) sold and delivered by him to defendants. He further averred, in New Matter, that he had furnished defendants with turkey feed on an open book account in the sum of $16,787.80 on the express understanding that the judgment should be and remain a lien upon defendant's real estate until not only the loan represented by the judgment but the full amount of the book account had been paid. Depositions were taken by the parties in support of the petition and answer respectively, and, since they revealed a factual controversy, the court made an order directing counsel for the parties to frame the issues to be submitted to a jury. In pursuance of that order counsel thereupon entered into a

stipulation that the issue to be presented to the jury for determination should be whether the five payments had been made on account of the judgment note or on account of the open book account in which plaintiff was creditor and defendants were debtors. The court approved the issue as thus framed and the case proceeded to trial by a jury, the result of which was a verdict that the payments were made on account of the judgment note.

Plaintiff appeals from the court's refusal to grant a new trial, his complaint being that the court instructed the jury that there was only one issue to be decided by them, namely, whether the payments had been made on account of the judgment note or the book account; he contends that his averment in New Matter, namely, that it had been understood by the parties that the judgment should remain a lien until the full amount of the book account had been paid in addition to the loan represented by the judgment note, should also have been submitted to the jury.

The conclusive answers to plaintiff's contention are (1) that the court presented the issue to the jury in strict accordance with the express stipulation of the parties; (2) that the court having so limited the issue, counsel for plaintiff made no suggestion that any additional issue should be submitted notwithstanding the fact that the court, at the conclusion of the charge, asked whether there were any other matters he had overlooked that counsel deemed of importance and should have been referred to, nor did counsel take any but a general exception to the charge; (3) that the only reasons assigned by plaintiff in the court below in support of his motion for a new trial were the formal ones that the verdict was against the law, the evidence, and the weight of the evidence; therefore the additional reasons now presented cannot be considered on appeal:

*Dugan v. McGara's Inc.,* 344 Pa. 460, 465, 25 A. 2d 718, 721; *Keane v. Philadelphia,* 360 Pa. 384, 386, 61 A. 2d 834, 835.

It would seem that in entering into the stipulation plaintiff's counsel intended thereby to abandon plaintiff's claim regarding an alleged understanding of the parties that the judgment was to remain a lien on defendants' real estate until the full amount of the book account had been paid. It may be added that the testimony which crept into the trial concerning such an understanding was so extremely tenuous as to disclose the likely reason for such abandonment.

The order of the court dismissing the motion for a new trial is affirmed.