Risbon, Appellant, *v.* Cottom.

Argued September 25, 1956. Before STERN, C. J., JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Robert W. Smith, Jr.,* with him *William H. Kahanowitz* and *Smith, Best & Horn,* for appellant.

*Myron W. Lamproplos,* with him *George W. Lamproplos, Joseph P. Latella,* and *Cassidy & Lamproplos,* for appellee.

OPINION BY MR. JUSTICE JONES, November 27, 1956:
These appeals are from judgments entered in two separate trespass actions for damages for personal injuries said to have been negligently inflicted. The injuries in suit resulted from a head-on collision between two passenger automobiles traversing a State highway. One of the automobiles was driven by Lewis Cottom,

and the other by Bernard Risbon. Each of the drivers was the sole occupant of his automobile at the time of the accident, and each sued the other for damages. The cases were tried together. The jury returned a verdict in favor of Cottom for $8,500 in the case in which he was plaintiff and also a verdict for him as the defendant in the action wherein Risbon was plaintiff. Risbon's motions for new trial were denied and, from the judgments entered on the verdicts, he took these several appeals.

The appellant contends that the court below erred for any one of the following reasons in not granting his new trial motions; (1) in refusing to withdraw a juror, on Risbon's motion, because a medical witness for plaintiff Cottom testified, in direct examination in chief, that, when he examined Risbon shortly after the accident, he thought he had been drinking; (2) in permitting a witness for Cottom to testify in rebuttal, over Risbon's objection, that a week after the accident Cottom had stated to him the circumstances attending the accident—this for the purpose of restoring Cottom's credibility as a witness at the trial, Risbon having testified in his case that, two weeks after the accident, Cottom had told him he had no recollection as to how the accident had happened; and (3) that the verdict is excessive.

Cottom's medical witness, while testifying in direct examination concerning Risbon's condition in the hospital emergency room the evening of the accident, stated that he "thought at the time he [Risbon] had been drinking." Risbon's counsel forthwith moved for the withdrawal of a juror and a continuance of the case on the *sole* ground that "There is no allegation whatever in this complaint on any such matter." The learned trial judge refused the motion. In *Critzer v.*

*Donovan,* 289 Pa. 381, 384, 137 A. 665, it was stated as something to be conceded that "in an action wherein reckless or careless driving is the matter at issue, proof of intoxication would be relevant: [citing] Alexander v. Humber, 86 Ky. 565, 6 S.W. 453, 454." In the Annotation in 26 A.L.R. 2d 352, the *Critzer* case, supra, is cited and discussed as supporting the general rule which is stated to be (p. 359) that "In nearly all of the vehicle accident cases in which the question has arisen . . ., it has been held or recognized that evidence tending to prove the opposing party's intoxication was admissible, *notwithstanding the pleading failed to allege such intoxication*" (Emphasis supplied).

The appellant now concedes that the testimony was not inadmissible for the reason he advanced at trial. That being so, he is not in position to assert here a different ground for its alleged inadmissibility. As Mr. Justice CHIDSEY noted for this court in *Woldow v. Dever,* 374 Pa. 370, 377, 97 A. 2d 777, "The objection now raised was not assigned as a reason for excluding the testimony when the objection was made nor included in support of plaintiffs' motion for a new trial. The question now raised was therefore not properly before the court below and need not be considered by this Court." The precluding rule was tersely stated in *Commonwealth ex rel. Spielvogel v. Spielvogel,* 181 Pa. Superior Ct. 61, 65, 121 A. 2d 886, as follows: "A party complaining on appeal of the admission of evidence objected to in the court below will be limited to the specific objection made at the trial: [citing] *Huffman v. Simmons,* 131 Pa. Superior Ct. 370, 200 A. 274; *Pennsylvania Company v. Philadelphia Electric Co.,* 331 Pa. 125, 200 A. 18." Here, also, the only reason assigned by Risbon in his motion for a new trial why the doctor's cited testimony should have been excluded was

that "there [was] no allegation in the plaintiff's complaint that the defendant was operating his vehicle while under the influence of intoxicating liquor."

Despite the well-settled principle that a reason for granting a new trial which was not assigned in the court below cannot be considered for the first time on appeal (*McCann v. Hedin*, 377 Pa. 508, 510, 105 A. 2d 594; *Keane v. Philadelphia*, 360 Pa. 384, 386, 61 A. 2d 834; *Dugan v. McGara's, Inc.*, 344 Pa. 460, 465, 25 A. 2d 718; *Gasperoni v. Datt*, 341 Pa. 448, 451, 19 A. 2d 376), the appellant now urges upon us that the doctor's opining that Risbon had been drinking should have been excluded as *insufficient* to prove that he was under the influence of liquor at the time of the collision.

The question which the appellant thus seeks to raise is not properly before us. However, we may note in passing that, while the doctor's opinion that Risbon had been drinking, standing by itself, was not sufficient to prove intoxication (see *Critzer v. Donovan*, supra), it became *de minimis* and, consequently, harmless. The State police officer, who saw Risbon at the hospital an hour after the accident, testified that he was boisterous, had the smell of alcohol on his breath and admitted recent drinking at Brownsville and again en route at a place just two miles from the scene of the accident. Risbon also admitted at trial that, just prior to the accident, he had travelled several miles out of his way on the wrong road in country with which he was thoroughly familiar; and he failed to account for the extra hour of elapsed time between his departure from Brownsville and his arrival at the point of accident. Whether, under all the evidence, Risbon's drinking had been such as to impair his ability to operate his automobile safely was properly sub-

mitted to the jury by the learned trial judge with cautionary instructions which fully satisfy the requirements specified in our more recent opinion in *Fisher v. Dye,* 386 Pa. 141, 148, 125 A. 2d 472. Furthermore, appellant's counsel made no complaint of the court's submission of the issue nor of its instructions in connection therewith.

The appellant's objection to the testimony offered by Cottom in rebuttal was not well taken. Cottom testified in chief that Risbon had driven his automobile across the center line of the highway and had crashed head-on into Cottom's car. He was asked on cross-examination whether he had not stated to Risbon, upon a visit to the latter approximately fifteen days after the accident, that he had no recollection as to how the collision had happened and that his mind was a blank in such regard. Cottom admitted the visit but denied the statement thus imputed to him. Risbon, upon taking the stand, testified that Cottom had admitted to him that he had no recollection of the accident. The effect and real purpose of this testimony was to impeach Cottom's credibility and to ascribe to him a deliberate fabrication of his testimony at trial relative to the happening of the accident. For the purpose of restoring Cottom's credit, his counsel offered in rebuttal, and the learned trial judge admitted in evidence, the testimony of the investigating State police officer that Cottom (whom he had been unable to interrogate at the hospital the night of the accident because of his injuries and who was under oxygen for five days) had described the accident to him a week after it had happened, as follows, "I was travelling west on Route 31, about thirty-five or forty miles an hour, just as I neared the top of this hill a car came over on my side and hit me; that is all I can remember." This state-

ment was entirely consistent with Cottom's version of the accident as related by him at trial and was properly admitted in rebuttal by the learned trial judge in the exercise of a sound discretion. It had been uttered upon a proper occasion to a proper person when its ultimate effect with respect to what transpired at a conversation that had not yet taken place could not possibly have been foreseen. Nor did the defendant object to its admission on the ground that it had been made untimely. No question, therefore, as to the effect of a lapse of time on the admissibility of a prior utterance, when offered as a consonant statement, is presented by this appeal, and no opinion is expressed in regard thereto.

The holding in *Lyke v. Lehigh Valley Railroad Co.,* 236 Pa. 38, 47-51, 84 A. 595, directly rules the point presently under consideration. The circumstances which gave rise to the evidential question in the *Lyke* case (which also was an action for damages for personal injury) are so analogous to those of the instant case as to justify extended reference thereto. In the *Lyke* case the plaintiff testified that he received his injuries by being thrown from a flat car, upon which he was working on a railroad siding, when the car was suddenly jolted by a box car negligently put in motion by agents or employees of the defendant company. As stated in the opinion for this court, ". . . the defendant offered at least five witnesses who testified that the plaintiff had declared to them either specifically or in effect, that he was not on the car at that time. When the plaintiff was under cross-examination counsel for the defendant interrogated him as to whether he had not stated to these witnesses that he was not on the car [at the time of the jolting] . . . . The plaintiff denied all this, but witnesses for the defense testified, in

substance, to the matters suggested in the cross-examination. . . . Under these circumstances the plaintiff offered [in rebuttal] the witness in question to prove that he had stated immediately after the accident (almost two years before the institution of his suit and more than five years before the trial), that he was injured upon the car. 'This for the purpose of showing that his testimony in this suit was not a fabrication of recent date.' "

The trial judge admitted the rebuttal testimony in the *Lyke* case, and this court approved the ruling. In so doing, Mr. Justice MOSCHZISKER, speaking for the court, said that "the testimony of numerous witnesses for the defendant to declarations by the plaintiff contrary to his evidence given at the trial . . . could well be taken as conveying the charge that the plaintiff's testimony was not the story told by him from the time of the accident but one concocted for the purpose of the trial, or what is known in the law as a recent fabrication . . . ." After quoting with approval the applicable rule as "well-stated" in *State v. Parish*, 79 N.C. 610, 614, Mr. Justice MOSCHZISKER noted that most of the cases on the point of the admissibility of consonant statements to rehabilitate the credibility of impeached witnesses are reviewed by President Judge RICE in *Commonwealth v. Kay*, 14 Pa. Superior Ct. 376, and again in *Commonwealth v. Miller*, 31 Pa. Superior Ct. 317. For a further extended review of the authorities upon the character and method of impeachment which justifies the admission of evidence of consonant statements, see also opinion of Judge MOSCHZISKER for the Court of Quarter Sessions of Philadelphia County in *Commonwealth v. Mosier*, 13 Pa. D.R. 421.

An admissible consonant statement, as defined in the *Lyke* case, supra, is "a prior declaration of a wit-

ness whose testimony has been attacked and whose credibility stands impeached, which, considering the impeachment, the court will allow to be proved by the person to whom the declaration was made, in order to support the credibility of the witness, and which, but for the existence of such impeachment, would ordinarily be excluded as hearsay." The rule has ancient and illustrious authority in this State. In *Craig v. Craig*, 5 Rawle 91, 97-98, Chief Justice GIBSON adopted Mr. Starkie's rule (1 Starkie's Evid. 187) "that consonant declarations may be given in contradiction of evidence tending to show that the testimony at the bar is a fabrication of a recent date; and to show that *the same statement was made before its ultimate effect on the question trying could have been foreseen . . .*" (Emphasis supplied). More recently, we have recognized and applied the rule in *Commonwealth v. Westwood*, 324 Pa. 289, 306, 188 A. 304. Compare also *Commonwealth v. White*, 340 Pa. 139, 143, 16 A. 2d 407, where the rule was again referred to approvingly, but the consonant statement, there offered, was properly excluded because the impeached witness admitted having made the impeaching statement.

The appellant further complains that the trial court did not instruct the jury that the State policeman's testimony in rebuttal as to what Cottom had told him in the hospital a week after the accident concerning the manner of its occurrence was not substantive proof of the facts therein contained but was designed merely to support Cottom's credibility against the imputation that his testimony at trial respecting the happening of the accident was a recent fabrication. Such an instruction should, of course, have been given: see, e.g., *Lyke v. Lehigh Valley Railroad Co.*, supra, at p. 51. But, counsel for appellant stood silently by and made no

request for an instruction in such regard even when, at the conclusion of the charge, the learned trial judge specifically inquired whether he had "missed anything as a matter of law" and, again, repeated the inquiry. "The rule that an appellate court will not grant a new trial on the ground of inadequacy unless there is omission of something basic or fundamental, is especially applicable where the complaining party was invited to suggest additions to or modifications of the charge and remained silent": *Pryor v. Chambersburg Oil and Gas Company,* 376 Pa. 521, 530-531, 103 A. 2d 425. Not only did counsel for appellant make no response to the trial judge's repeated inquiry but, in subsequently excepting to the charge, he failed to call to the court's attention that it had not explained to the jury the scope and purpose of the State policeman's testimony in rebuttal embracing Cottom's prior consonant statement. Nor did the appellant later, in his motion for a new trial, assign the trial court's obviously inadvertent omission in the premises as a reason for a new trial. So far as the record and briefs disclose, the point was never argued in the court below but was raised for the first time in this court; and that is too late: *McCann v. Hedin; Keane v. Philadelphia; Dugan v. McGara's, Inc.;* and *Gasperoni v. Datt,* supra.

The appellant's assertion that the verdict is excessive is baseless. The learned court below had no difficulty in concluding that the severe, painful and permanently inconveniencing injuries, which the plaintiff suffered, and the substantial expenses for medical, surgical and hospital services to which he was put justified the amount of the verdict. The record is barren of anything that would warrant us in holding that the court below, in so concluding, was guilty of a clear abuse of discretion.

Judgment affirmed.

CONCURRING OPINION BY MR. JUSTICE BELL, J.:

Cottom testified at the trial that Risbon had driven his automobile across the center line of the highway and had crashed head-on into Cottom's car. He was asked on cross-examination whether he had not stated to Risbon fifteen days after the accident that he had no recollection as to how the collision had happened. Cottom denied that he had ever made such a statement. Risbon testified that Cottom had admitted to him that he had no recollection of the accident. The lower Court admitted in evidence the hearsay testimony of a State Police officer that Cottom at the hospital *seven days after the accident* had told him that as he "neared the top of the hill a car came over on my side and hit me". The question is whether or not such testimony is admissible under the doctrine of consonant statements.

As President Judge RICE said in the leading case of *Commonwealth v. Kay*, 14 Pa. Superior Ct. 376, 387: "The subject of the admissibility in evidence of the previous statements of a witness consonant with his testimony is not free from difficulty; that is to say, it is not easy to harmonize all the decisions and to deduce therefrom a single general rule governing every case. . . . a mere conflict of testimony . . . is not, alone, a sufficient reason for the admission of the witness's prior unsworn statements [made the day after the occurrence]." The consonant statement in that case was held to be *inadmissible*.

The cases seem to be in agreement that a mere conflict of testimony or the making of inconsistent statements is not alone a sufficient reason for the admission of the witness's prior unsworn and frequently self-serving or false statements.

I am convinced that the doctrine of consonant statements is a dangerous one, and in accordance with the

recent decisions of this Court should be narrowly restricted. Unless the doctrine of consonant statements is narrowly limited and strictly construed, the opportunity for easily manufacturing false or self-serving evidence is tremendous. For example, (a) if a party to an automobile accident stated sometime after the accident that he did not see the red light until too late, or made some other damaging statement, or indeed, (b) if such party decided sometime after the accident what version of the accident it would be advantageous to tell in order to exculpate himself, any self-serving hearsay statements he might make to a dozen or more of his friends would be admissible if his testimony was challenged as a recent fabrication or on the ground that he had made prior inconsistent statements. The practical effect of such a broad rule would be to permit, if not invite, manufactured testimony and often defeat justice, even though theoretically the consonant statement was limited to prove that the testimony at trial was not a recent fabrication. A similar result could be obtained by every criminal who sought to establish an alibi or who made incriminating statements which he could disavow and discredit by self-serving or false declarations to a dozen friends. As stated by the Court in *Clever v. Hilberry*, 116 Pa. 431, 9 A. 647, the Court said (page 440) : "Nor do they show that the same statements were made before their ultimate effect on the question trying could have been foreseen. . . . It would be a very dangerous practice, in our opinion, to permit a party who is about to commence an action against another, to go about making declarations to third persons as to the substance of his cause of action, and then on the trial of that same action to give those declarations in evidence for any purpose. It looks too much like an attempt to manufacture im-

proper testimony for the very purpose of using it on the trial."

A consonant statement should be admitted in rebuttal only to rebut a charge of recent fabrication and then *only if made almost immediately after the occurrence and before any reason or motive to fabricate existed,* i. e., *under circumstances which make it unlikely that the statement would be fabricated.* Cf: *Commonwealth v. Patskin,* 372 Pa. 402, 93 A. 2d 704; *Lyke v. Lehigh Valley Railroad Co.,* 236 Pa. 38, 84 A. 595; *Clever v. Hilberry,* 116 Pa., supra; 58 Am. Jur., Witnesses, §829, page 465.

The recent cases cited by the majority support this principle.

In *Lyke v. Lehigh Valley Railroad Co.,* 236 Pa., supra, there was testimony that the plaintiff had made statements to the effect that he was not on the railroad car at the time of the accident. The Court admitted evidence of a witness that *within fifteen or twenty minutes after the accident* (and nearly two years before suit) he saw plaintiff limping and asked him if he had been hurt, whereupon the latter replied that he had been thrown from the car to the ground and hit his knee or leg.

In *Commonwealth v. Patskin,* 372 Pa., supra, the notebook of a Pennsylvania State Police officer, which was written *immediately* after defendant made oral admissions, was admitted when the officer's testimony was attacked as a recent fabrication.

In *Commonwealth v. Westwood,* 324 Pa. 289, 188 A. 304, a witness, Sophie Schar, testified that she looked out of her window and saw defendant at the scene of the murder *right after she heard the shots.* To rebut the charge of recent fabrication, evidence was admitted (in rebuttal) by Sophie's husband that his

wife had *immediately* told him that she had just seen defendant out of her window.

In all the aforesaid cases relied upon by the majority,* the application of the rule, as a practical matter, has been wisely restricted to those instances where the prior consonant statement was made *immediately or almost immediately* after the occurrence to which it related *and before there was any reason or motive to fabricate.*

In the present case the prior consonant statement was made a week after the accident during five days of which Cottom was under serious physical disability and most of the time in an oxygen tent. Under such exceptional circumstances his statement may be considered as having been made within the rule, especially since appellant's counsel took no exception to the charge of the Court, although asked if he desired to point out any errors therein. For these reasons I concur in the affirmation of the judgment.

---

* *Commonwealth v. Miller,* 31 Pa. Superior Ct. 317, was cited although not discussed in the majority opinion. In that case defendant, charged with bribery, attempted to show motive and bias on the part of the witness. Rebuttal testimony was admitted to the effect that about the time the bribe was alleged to have been paid *and before the imputed motive of bias could have existed,* the witness narrated the facts to others substantially as he narrated them upon the witness stand.