# Wharen, Appellant, *v.* Horan, County Treasurer.

Argued March 8, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent).

*Chas. F. Wharen,* appellant, in propria persona.

*R. Lawrence Coughlin,* for appellee.

OPINION BY RHODES, P. J., July 15, 1949:

This is a mandamus proceeding. In this action plaintiff, the assignee of a bidder at a treasurer's sale of land for taxes, seeks to compel the county treasurer to deliver a deed to him upon payment of delinquent taxes for one year—the year 1937. The county treasurer claims that delinquent taxes for other years were due at the time of the sale, and he has refused to deliver a deed to plaintiff bcause of failure to pay a sum sufficient to cover the total taxes and costs.

The pleadings consist of plaintiff's complaint, defendant's answer thereto, and plaintiff's demurrer to defendant's answer. The court below dismissed plain-

tiff's demurrer to defendant's answer, and refused a writ of mandamus. Plaintiff has appealed.

It appears from the pleadings that in 1943 the Treasurer of Luzerne County advertised a treasurer's sale of lands for taxes to be held on April 29, 1943, pursuant to the provisions of the Act of May 29, 1931, P. L. 280, as amended, 72 PS §5971a et seq., authorizing the sale of seated lands.[1] The advertisement set forth inter alia: "The treasurer of Luzerne County will hold a Treasurer's Sale . . . pursuant to the Act of Assembly 1931, P. L. 280, as amended, at which time he will expose for sale the following listed properties for unpaid taxes for the years 1929, 1930, 1931, 1932, 1933, 1934, 1935, 1936 and 1937." In the list of properties for sale was the following: "Unseated lands for the year 1937. Denison Township. 14 Megargel H. R. 434 3/4 A. B. L. Tr U 21 1937 Taxes $40.28." At the sale following the advertisement, plaintiff's assignor, Morris Kemmerer, bid the sum of $89.38 for the Megargel tract, being the taxes for 1937, plus costs, which amount he paid to the county treasurer. Kemmerer assigned his bid to plaintiff on August 12, 1947. The county treasurer in his answer states that he has refused to deliver a deed to plaintiff because "the taxes prior to 1937 have not been paid nor have the taxes subsequent to 1937, to and including the taxes for the year 1943, . . . been paid pursuant to the provisions of the Act of Assembly governing Treasurer's Sales under which the particular property referred to in the complaint was sold, namely the Act of 1931, P. L. 280, as amended."

The court below properly refused to issue a writ of mandamus. A complainant's right to a writ of mandamus must be clear, and the defendant must have a corresponding positive duty to perform; mandamus can

---

[1] As to repeal, see section 801 of the Real Estate Tax Sale Law of July 7, 1947, P. L. 1368, 72 PS §5860.801.

never be invoked in a doubtful case. *Leff v. N. Kaufman's, Inc.,* 342 Pa. 342, 346, 20 A. 2d 786, 139 A. L. R. 267; *Com. ex rel. Wesenberg v. Bethlehem School District,* 148 Pa. Superior Ct. 250, 258, 24 A. 2d 673.

The treasurer's sale was held pursuant to the Act of May 29, 1931, P. L. 280, as amended, 72 PS §5971a et seq. Under section 10 of this Act, 72 PS §5971j, the plaintiff, as purchaser, was required to pay "all taxes, except such taxes as have heretofore been filed as liens in the office of the prothonotary, and all interest, and costs, . . ." It was also provided in section 10 of the Act that any property "for which an amount sufficient to pay such taxes, interest, and the costs" was not bid should be purchased by the county commissioners. Under the provisions of section 12, 72 PS §5971l, no deed could be given by the treasurer until the court of common pleas confirmed the sale. *Beacom v. Robison,* 157 Pa. Superior Ct. 515, 518, 43 A. 2d 640. The sale having been held under the provisions of the Act of 1931, plaintiff's rights must be determined under that Act. See *Gordon v. Harrisburg,* 314 Pa. 70, 73, 171 A. 277. It is obvious that plaintiff cannot claim the benefit of the Act and at the same time reject the burdens or obligations which it imposes. His rights under the Act of 1931 were certainly not such as would entitle him to a treasurer's deed on the facts which appear in the pleadings. Section 9 of the Act, as amended, 72 PS §5971i, provides, inter alia, that "No sale of seated lands for taxes, under the provisions of this act, shall be prejudiced or defeated by proof that there was personal property to be found on the premises sufficient to pay the taxes assessed thereon, nor shall such sale be prejudiced by reason of the fact that such lands so assessed as seated lands were at the time unseated."

The record in the present case does not disclose how the tract of land in question was assessed. It was ap-

parently treated as seated land; it was sold by the treasurer under the Act governing the sale of seated lands; and it is under that Act plaintiff must claim his right to a deed.

The court below was entirely justified in refusing a writ of mandamus under the pleadings in this proceeding.

The judgment of the court below is affirmed, at the cost of appellant.