**Lapp v. Titus**

*William G. Ross,* for plaintiff.
*Donald B. Corriere,* for defendants.

FRANCIOSA, J., October 6, 1972.—On July 12, 1972, a complaint in mandamus was filed with the Prothonotary of Northampton County and duly served on July 25, 1972. On July 25, 1972, defendants filed preliminary objections to the complaint in the nature of a demurrer and dismissal for "lack of subject matter jurisdiction." Since defendants' preliminary objections are in the nature of a demurrer, we must accept as true all relevant facts which plaintiffs have pleaded. Those facts are as follows:

Plaintiffs, Harry L. Lapp and Mary Lapp are owners of a tract of land in East Allen Township, Northampton County. The additional plaintiffs in this action, Robert H. Littner, Nathan Pisarev and William J. Thompson, along with Harry L. Lapp, are partners in a business to develop and sell lots for the construction of homes in the above-mentioned tract, trading as East Allen Manor Associates.

On or about September 3, 1970, East Allen Township entered into an agreement with plaintiffs for the construction of streets, curbing and drainage facilities for the tract, also known as East Allen Manor, Section III. The agreement established an escrow fund whereby $300 was to be placed in the fund at the time of settlement for the sale or transfer of every lot in East Allen Manor, Section III, and limited to a total of $20,000. The agreement provided that payments were to be secured by a judgment note, in demand form, restricted to the tract and executed by the owners of the tract, Harry L. Lapp and Mary Lapp, in the amount of $20,000. Conditional upon the payment of the $300 and all other items of the agreement being met, the township agreed to deliver a release to plaintiffs for each lot conveyed. Plaintiffs allege that they have fully complied with all the terms of the agreement

and that defendants have refused to issue any releases to them since December 12, 1971.

Count II of the complaint sets forth that under the terms of the agreement the payment of $20,000 by plaintiffs into the escrow account obligated defendants to satisfy the judgment note. The allegations of Count II go on to further allege that on March 28, 1972, plaintiffs brought the escrow account to $20,000 and sent the Township Solicitor a written request that the judgment note be satisfied of record. According to plaintiffs, this request and subsequent similar requests have not been acted upon by the township or its solicitor.

In this action of mandamus, plaintiffs seek an order of court directing defendants to execute and deliver the appropriate releases and to satisfy the judgment note in the prothonotary's office.

Essentially, then, plaintiffs want the judgments against them satisfied in order that they may continue with their business of selling and developing lots with clear title. Plaintiffs plead in their complaint at paragraph 20 that this can be done either by having defendants execute the necessary releases or satisfy the judgment.

The writ of mandamus is an extraordinary remedy. It has been defined as a "command issuing from a court of law of competent jurisdiction, in the name of the state or sovereign, directed to some inferior court, officer, corporation, or person, requiring the performance of a particular duty therein specified, which duty results from the official station of the party to whom it is directed or from operation of law": Goodman v. Meade, 162 Pa. Superior Ct. 587, 60 A. 2d 577, at page 579 (1948). Because of its extraordinary character, mandamus is not to be used as a mode of

common redress and will not lie in doubtful cases; a complainant's right to a writ of mandamus must be clear: Wharen v. Horan, 164 Pa. Superior Ct. 606, 67 A. 2d 672, at page 673 (1949).

The question of whether mandamus will lie is a matter within the discretion of the court applied to and is not an absolute right: Dombrowski v. Philadelphia, 431 Pa. 199, 245 A. 2d 238, at page 249 (1968). In order for mandamus to lie ". . . there [must be] a clear legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other appropriate and adequate remedy": Unger v. Hampton Township, 437 Pa. 399, 263 A. 2d 385 (1970).

In the case at bar, we find it unnecessary to consider the first two requisites enumerated above, since plaintiffs have not met the third requirement; namely, that there be no adequate, specific and appropriate remedy at law: Verratti v. Ridley Township, 416 Pa. 242, 206 A. 2d 13 (1965); Garchinsky v. Clifton Heights Borough, 437 Pa. 312, 263 A. 2d 467 (1970).

Plaintiffs are not without an adequate, appropriate and specific remedy. If the plaintiffs' statement of facts is true and the judgment should be satisfied there is a path open to them under the Act of March 14, 1876, P.L. 7, sec. 1, 12 PS §978. That section states:

"In all cases where a judgment has been or may hereafter be entered in any court of record in this Commonwealth, whether originally, or by transfer from any other court, the court having jurisdiction shall, upon application by the defendant or defendants in the said judgment, or of his, her or their legal representatives, or other person or persons concerned in interest therein, setting forth, under oath, that the same, with all legal costs accrued thereon, has been fully paid, grant a rule on the plaintiff or plaintiffs to show cause why the said judgment should not be marked satisfied

of record, at his, her or their costs; and upon the hearing of such rule, should it appear to the satisfaction of the court that said judgment has been fully paid, as set forth in the application of the defendant or defendants, the said court shall then direct the prothonotary to mark such judgment satisfied of record, and shall also enter a decree, requiring the plaintiff or plaintiffs to pay all costs incurred on the premises."

The fact that the judgment herein rests on an escrow agreement does not bar the application of §978. The power conferred upon the court by this section provides for satisfaction of a judgment where there is no dispute concerning the performance of the obligations on which the judgment is based. See annotations to §978, supra.

As provided in §978, plaintiffs can petition the court citing the same facts stated in the complaint presently before us and ask the court to grant a rule on defendants to show cause why the judgment should not be marked satisfied of record.[1] Defendants have the right to file an answer to such a petition. If the answer raises issues of fact, depositions shall be taken by the parties in support of the petition and answer. If the depositions produce a conclusive result that satisfaction equivalent to actual payment has been obtained, the court may enter summary relief under §978, supra. See Atkinson v. Harrison, 153 Pa. 472 (1893). If the depositions reveal a factual controversy concerning payment or its equivalent, the court will enter an order directing counsel for the parties to frame the issues to be submitted to a jury. Upon the court's approval of the issues thus framed, the case

---

[1] If all the obligations of the escrow agreement have been performed, as plaintiffs contend, the court then has the power to direct the prothonotary to satisfy the judgment.

may proceed to trial by a jury. The availability of this legal remedy is clearly demonstrated by McCann v. Hedin, 377 Pa. 508, 105 A. 2d 594 (1954).

Thus, we enter the following.

### ORDER OF COURT

And now, this October 6, 1972, defendants' preliminary objection in the nature of a demurrer is sustained and plaintiffs' complaint in mandamus is dismissed. However, plaintiffs are granted leave to file a petition under the Act of March 14, 1876, P. L. 7, 12 PS §978, and defendants are directed to answer such petition within 20 days after its service upon them.